# THE PEOPLE *ex rel.* CALEB DORSEY *v.* EDWARD SMYTH, COUNTY AUDITOR OF TUOLUMNE COUNTY.

SALARIES OF DISTRICT ATTORNEYS.—The salaries of District Attorneys are not audited and allowed by the Boards of Supervisors of counties, but by the County Auditors. Boards of Supervisors have no power over or duties to perform touching the salaries of District Attorneys.

JUDGMENT IN MANDAMUS.—One having the title to the office of District Attorney, but not in possession, is not bound by a judgment in mandamus against a Board of Supervisors to which he was not a party, requiring the Board to audit and allow the salary of another in possession of the office without title.

OFFICER BOUND TO KNOW THE LAW AS TO WHO IS HIS SUCCESSOR.—When the question as to who is the legal successor of an officer is in litigation upon a point of law, the officer is bound to know who his successor is, and if the legal successor qualifies and demands the office, and the incumbent refuses to deliver it up upon the termination of the litigation he becomes a trespasser *ab initio*.

SALARY OF AN OFFICE IS INCIDENT TO THE TITLE.—One having the legal right to an office, but not in possession of the same, is entitled to the salary for the term for which he was elected; and the payment of the salary to one in possession of the office without title will not prevent the one having the title from recovering the salary.

RECOVERY OF OFFICE OR ITS INCIDENTS.—One claiming by action an office or the incidents to the office, can only recover upon proof of title.

JUSTIFICATION OF SURETIES ON OFFICIAL BOND.—An official bond is not vitiated because the sureties swear that "they are worth the amount for which they become liable over and above all their *just* debts and liabilities," instead of saying "over and above *all* their debts," etc.

APPLICATION to the Supreme Court for writ of mandate to compel the defendant, County Auditor of Tuolumne County, to audit and allow the salary of the relator as District Attorney of said county.

The affidavit of the sureties on the official bond of the relator states that they "are each and severally worth the amount for which they have become sureties in the above bond over and above all their just debts and liabilities."

At the September election, in 1863, the relator, Caleb Dorsey, and one Hugh G. Platt were opposing candidates for the office of District Attorney of Tuolumne County. At that election two hundred and eleven votes were cast for the candidates for that office by soldiers in the military service of the United States. Of these votes, Platt received two hundred and ten, and Dorsey one. With these votes in, Platt was elected, otherwise Dorsey. They were included in the count, and Platt declared elected. Thereupon Dorsey brought suit to contest the election upon the ground that the votes in question were illegal, which was finally determined in his favor by the County Court on the 7th of December, 1863, and by this Court on appeal at the October term, 1864. Prior to the first Monday in March, 1864, at which time the term of office to which he had been elected commenced, the relator duly qualified, and on that day formally demanded from C. C. Brown, the then incumbent, possession of the office and the books and papers pertaining thereto. On account of the pending controversy between the relator and Pratt, Brown refused to comply with the demand, and continued to hold the office and exercise its functions until after the final determination thereof, at which time he surrendered the office to the relator. For the time during which he thus held over, Brown received from the county the salary belonging to the office, amounting to the sum of seven hundred dollars, which was paid to him in obedience to a mandamus issued by the District Court upon his relation against the Board of Supervisors, to which proceeding neither the relator nor the respondent were parties; both, however, were cognizant of the proceeding and the

judgment thereon. Upon coming into the possession of his office, the relator made claim for the back salary before the respondent, and demanded from him a warrant therefor, which was refused. Hence the present proceeding.

*Caleb Dorsey,* in *pro. per.,* for Relator.

It is a well settled principle of law that the compensation of an office, whether it be a salary or fees, does not depend upon its mere occupation and exercise, but upon the title to the office. The party who has the title to the office is the one entitled to the salary. The salary is an incident to the title. The Supreme Court of New York has laid down the doctrine as follows : "The compensation of a public officer is an incident to the title to the office, not to its mere occupation or exercise. The principle which avails to sustain the acts of officers *de facto* in respect to third persons, will not avail to sustain the claim of such an officer to salary or fees." (*People* v. *Tieman,* 8 Abbott's Rep. 359.)

The salary commences with the term. The certificate of election is only evidence of the title derived from the election. (*Magee* v. *Supervisors,* 10 Cal. 376 ; *Wammach* v. *Holloway,* 2 Ala. 31 ; *Peter* v. *Stale,* 1 McCord, 233.)

In this case the judgment of the County Court and the judgment of the Supreme Court affirming that of the County Court, were the evidences of title to said office of petitioner. Said judgments show that petitioner was entitled to the office from the first Monday in March, 1864, and if the principle laid down in the foregoing decisions be correct, he is entitled to the salary from that date.

*H. P. Barber,* for Defendant.

The plaintiff performed none of the duties of the office, and cannot recover the back salary, at least from the *county.* The statute (Wood's Dig. p. 1,147, Art. 478,) provides that the District Attorney of Tuolumne "shall receive for his *services* annually" the sum of one thousand two hundred dollars. (*Payne* v. *San Francisco,* 3 Cal. 122.)

The plaintiff refers to the New York case of *People* v. *Tieman*, 30 Barb. 193. The Court will see, on examination, that that case was decided expressly on the ground that under the New York statute no *power* to hold over was vested in the incumbent.

Although the County Auditor may be the party required to draw the warrant, it is the duty of the Supervisors to " examine, settle, and allow all accounts legally chargeable against the county." (Wood's Dig. Art. 3,319.)

It is particularly requisite that the Supervisors should inspect the account of the District Attorney, for if he fail to attend the term of any District Court or Court of Sessions, the Court is authorized to appoint a substitute, to be paid from the County Treasury. (Wood's Dig. Art. 118.)

Petitioner, not having filed the requisite bond, could not *legally* perform the duties of his office, and therefore could claim no compensation. (W. D., 77, Art. 208.)

If a party were allowed to interpolate the word " just," the statute might easily be avoided. He might confess a fraudulent judgment covering his entire property ; this evidently would not be a " just " debt—yet, as between himself and the party to whom the same was confessed, it would be perfectly valid, on the ground that he could not interpose his own fraudulent act as an answer to the judgment, being *particeps criminis*.

By the Court, SANDERSON, C. J.

The question involved in this case is whether Brown, the old incumbent, or the relator is entitled to the salary for the time during which the former held over. This question is wholly unaffected by the mandamus against the Board of Supervisors. The relator was not a party to that proceeding, nor had the Board any power over or duty to perform touching the salary of his office. The salary of District Attorneys is not audited and allowed by the Board of Supervisors but by the County Auditor. (Wood's Digest, p. 664, Sec. 2, and

p. 694, Sec. 9.)   Admitting that he could have intervened in that proceeding we know of no rule by which he was compelled to. do so, and such being the case his rights in the premises could not be prejudiced by his omitting to do what no rule of law required.

Every one is presumed to know the law, and therefore Mr. Brown was bound to know under the circumstances who was his successor, and to yield the office upon his qualification and demand.   He was bound to act at his peril, and if he held over, and thereafter it should appear that the party so qualifying and demanding the office had at the time a title thereto he could claim nothing on the score of services rendered, for upon the determination of that question he became a usurper *ab initio.*   The salary annexed to a public office is incident to the title to the office, and not to its occupation and exercise. (*The People* ex rel. *Morton* v. *Tieman,* 8 Abbott's Practice Reports, 359.)   In the case cited the Court said : " The salary and fees are incident to the title, and not to the usurpation and colorable possession of an office.   An officer *de facto* may be protected in the performance of acts done in good faith in the discharge of the duties of an office under color of right, and third persons will not be permitted to question the validity of his acts by impeaching his title to the office.   Public interests require that acts of public officers, who are such *de facto*, should be respected and held valid as to third persons who have an interest in them, and as concerns the public, in order to prevent a failure of justice.   (2 Kent's Com., 295.) But it does not follow that a right can be asserted and enforced on behalf of one who acts merely under color of office, without legal authority, as if he were an officer *de jure.* When an individual claims by action the office or the incidents to the office, he can only recover upon proof of title.   Possession under color of right may well serve as a shield for defence, but cannot, as against the public, be converted into a weapon of attack to secure the fruits of the usurpation and the incidents to the office."

4

The technical objection interposed to the relator's official bond is, in our judgment, untenable.

Having the title to the office, the relator is entitled to the salary from the commencement of the term for which he was elected, and he cannot be deprived of it by the usurpation of Brown, or the wrongful payment of the same to the latter by the direction of a Court in a proceeding to which he was not a party.

Peremptory mandamus allowed.