[Department One. — February 12, 1883.]

THE PEOPLE ex rel. G. F. CULBERTSON, Appellant, *v.* I. J. POTTER, Auditor, etc., Respondent.

63  127
96  159

OFFICE — SALARY — CONTEST — DE FACTO AND DE JURE OFFICERS. — An officer *de facto*, acting even in good faith under a claim of right to an office, is not entitled to recover the compensation provided by law to the exclusion of the officer *de jure*.

ID. — QUALIFICATION. — Section 907 of the Political Code, which requires the officer-elect to qualify within fifteen days from the commencement of his term, has no application during the pendency of a contest.

APPEAL from a judgment of the Superior Court of Tuolumne County.

The facts are stated in the opinion of the court.

*Dorsey & Nicol,* for Appellant.

*E. A. Rogers,* for Respondent.

McKEE, J. — This was an application to compel the auditor of Tuolumne County to draw his warrant in favor of petitioner and appellant on the county treasurer for the sum of eight hundred and seventy dollars, which had been allowed by the board of supervisors of the county as compensation for services, which had been rendered by the petitioner as a *de facto* member of the board, pending a contest between him and a supervisor-elect, in which the latter was adjudged to have been legally elected, and to be entitled to the office. The judgment was rendered on the 5th of December, 1878, but the incumbent, instead of surrendering the office, appealed from the judgment to the Supreme Court, where it was affirmed on August 16, 1881. The term of the office commenced on the first Monday of March, 1879. From that time until the final determination of the contest by the decision of the Supreme Court the petitioner excluded the officer-elect from the office, and for the services rendered by him during the time that he intruded himself into the office to which he was not elected, he asked the county to compensate him.

The court below properly refused the prayer of the petitioner. An officer *de facto,* acting even in good faith under a claim of right to an office, is not entitled to recover from a county the

compensation provided by law for such services to the exclusion of the officer *de jure*. "It will be remembered," says the Supreme Court of Iowa in *McCue* v. *County of Wapello*, 51 Iowa, 60, "that one exercising the power of an office without lawful authority is regarded as an officer *de facto*, not for his own protection or advantage, but for the protection of the public and those who are doing business with him. When his right to the possession of the office is to be determined he cannot be declared an officer *de jure*, on the ground that he has been an officer *de facto*. It is therefore a rule of law that when an officer seeks to recover the emoluments of an office he must show his right to the possession of the office. The rule is based upon the ground that the officer *de jure* who has been ousted from his place by an intruder has a property interest in the emoluments of the office, of which he cannot be deprived by one having no title thereto. This property right demands protection, and the officer *de facto* cannot recover emoluments to which the officer *de jure* is entitled." (56 Iowa, 331.) Actual incumbency merely, gives no right of recovery. (*Dorsey* v. *Smyth*, 28 Cal. 21.)

Appellant, however, claims that the rule has been changed by the Political Code of this State. In this he is mistaken. Section 963 of that Code declares that pending a contest for an office no warrant for any part of the salary of the office must be drawn or paid. From this it results that after the contest has been finally decided the officer *de jure* is the only person entitled to the salary. (*Dorsey* v. *Smyth*, 28 Cal. 21; *Stratton* v. *Oulton*, 28 Cal. 45.)

In answer to this result it is claimed that the appellant *was* the officer *de jure*, because the officer elect failed to qualify before the expiration of fifteen days from the commencement of his term of office, as he was required to do by section 907 of the Political Code; and the appellant, as the incumbent of the office, was compelled by section 879 of such Code to hold over and perform the duties of the office until his successor had been elected and qualified.

These sections of the Code do not admit of such a construction. Where a contest is pending for an office, section 907 has no application until the contest has been finally determined (*Pearson* v. *Wilson*, 57 Miss. 862); otherwise it would be in the

power of an incumbent in office to hold over after the expiration of his term, and defeat the will of the people at an election by contesting the election of his successor. Of course such a contest may be made by an incumbent in good faith; but when decided against him he becomes an intruder in the office *ab initio* and throughout, and not an officer *de jure.* There cannot be two officers *de jure* to the same office. After the judgment of December 5, 1878, there was no legal compulsion upon the incumbent to hold over after the commencement of the term to which his successor was elected. On the contrary the law made it his duty to surrender the office to his successor at the commencement of the term, and if he continued thereafter to exercise its functions he did so at his peril.

Judgment affirmed.

Ross, J., and McKinstry, J., concurred.