[No. 9981. In Bank. —June 29, 1885.]

## WILLIAM G. BURKE, APPELLANT, *v.* WILLIAM M. EDGAR, RESPONDENT.

PUBLIC OFFICER—DEPUTY COUNTY CLERK OF SAN FRANCISCO—SALARY.—The salary of a court-room and register clerk of the Superior Court of the city and county of San Francisco is fixed at $175 per month, by the Acts of February 13, 1880, and of April 2, 1880.

ID.—MANDAMUS—COURT-ROOM CLERK—APPOINTMENT MUST BE ALLEGED.—In a proceeding for a writ of mandate brought by a deputy of the county clerk of the city and county of San Francisco to compel the auditor to allow his claim for salary as a court-room or register clerk, the petition must allege and the court must find that the petitioner had been appointed or assigned to such position. An allegation that he had acted in the capacity and performed the services of a court-room or register clerk is not sufficient.

ID.—DE FACTO OFFICER CANNOT RECOVER SALARY.—A *de facto* officer cannot recover the salary annexed to the office as the salary is incident to the title to the office and not to its occupation and exercise.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Dunne & Davidson*, and *Joseph J. Dunne*, for Appellant.

Petitioner and his assignors having acted in the capacity and performed the services as court-room and register clerks, it will be presumed they did so by regular appointment. (*Carter* v. *Sympson*, 8 Mon. B. 155; *Allen* v. *State*, 21 Ga. 219; 1 Green-leaf on Ev. § 92; Code Civ. Proc. § 1963, subd. 14.)

*John L. Love*, for Respondent.

THORNTON, J.— Application for a writ of mandate to be issued to defendant as auditor of the city and county of San Francisco, to compel him as such auditor to allow the claims of petitioner and his assignors for balance of salaries alleged to be due them as deputy clerks of the clerk of the city and county above mentioned. It is alleged of some of these deputies that they severally performed services as deputy in the capacity of court-room clerk in a department of the Superior Court of the city and county aforesaid, and of others of them the same allegation is made of them severally as register clerk. It appears that each of them has received from the auditor a warrant for $150, in discharge of his salary as deputy, which has been regularly paid by the treasurer of the said city and county.

It is claimed and the court below so held that the salary of a court-room or register clerk is fixed by law at $175 per month. It should be stated here that the salary of the other deputies of the county clerk is fixed at $150 per month or less, and that the claim in question in this case is for the difference of $25 per month between the $150 paid as above stated, and the $175 per month at which the salary was fixed.

We think that the salary of a court-room and of a register clerk is fixed by the acts of the legislature passed on the 13th of February, 1880, and April 2, 1880, at $175 per month. (Stats. 1880, 5, 20. See also Act of February 5, 1872, Stats. 1871–72, 76.)

In the view taken of this case, the constitutionality of the Acts of 1880 above cited, may be conceded without deciding the point.

It is nowhere averred nor is it found that the petitioner or his assignors were appointed or assigned to the position of court-

room or register clerks. The Act of April 5, 1880, authorizes the county clerk to assign to a deputy duties in or in connection with the Superior Court of his county, or city and county.

The finding that each of the parties referred to, acted in the capacity and only performed services as the court-room clerk of a department, or as the register clerk of a department of the Superior Court, is not a finding that they and each of them were assigned. It is at most a finding of evidence, and not of the fact of assignment. Facts and not evidence should be found. Especially should the fact of assignment be found where the evidence as it appears in the finding is consistent with the fact that they acted in such capacity and performed the services stated without any such assignment. It is consistent with the finding as made, that each of the parties were *de facto* officers, and it is well settled in this State that a *de facto* officer cannot recover the compensation or salary annexed to such office; that such salary is "incident to the title to the office and not to its occupation and exercise." (*Dorsey* v. *Smyth*, 28 Cal. 21; *Stratton* v. *Oulton*, 28 Cal. 44; *People* v. *Potter*, 63 Cal. 127.)

Conceding that the presumption invoked by appellant stated in section 1963, subd. 14, of the Code of Civil Procedure applies here, still the fact of assignment should be found. But we are of opinion that such presumption does not apply to the case of an officer prosecuting an action to recover his salary. In such case he must establish his title by proof of an appointment made as required by law. (See cases just above referred to, and *People* v. *Hopson*, 1 Denio, 579, and cases there cited.)

This is not a case in which the judgment should be reversed and the cause remanded for a new trial for want of a finding upon a material issue, as no issue was joined on the main question in the cause, viz., that of an assignment by the county clerk to the positions above referred to.

The views above expressed are conclusive of the case, and it is therefore unnecessary to pass on the other questions discussed herein.

The judgment and order should be affirmed, and it is ordered accordingly.

SHARPSTEIN, J., ROSS, J., MYRICK, J., and McKINSTRY, J., concurred.