[No. 12353. In Bank. — May 5, 1888.]

## SAN LUIS OBISPO COUNTY, APPELLANT, *v.* F. E. DARKE ET AL., RESPONDENTS.

PUBLIC OFFICERS — RECORDER OF SAN LUIS OBISPO COUNTY — FEES OF RECORDER — ACTS PROVIDING FOR — COUNTY GOVERNMENT ACT. — The act of March 31, 1876, providing in effect that the county clerk of San Luis Obispo County, who was at that time *ex officio* recorder and auditor, should receive a stated salary as his only compensation in his three official capacities, became inoperative when, after 1881, the county became a county of the second class, and the offices of clerk, recorder, and auditor were filled by different persons. Upon that act becoming inoperative, the recorder became entitled to receive the fees provided by the act of March 29, 1870, and the incumbent in office at the time of the passage of the county government act of 1883 continued to be so entitled, under section 182 of that act, during his then term of office.

ID. — CONSTITUTIONAL LAW — ACT OF MARCH 29, 1870. — The act of March 29, 1870, in so far as it provided for the compensation of the recorder by fees, is not inconsistent with the provisions of section 5 of article 11 of the constitution, and did not cease to be operative, under section 1 of article 22 of the constitution, on the 1st of July, 1880.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The action was brought to recover certain fees received by the defendant Darke, as recorder of San Luis Obispo County, from the 1st of January, 1883, to the 1st of January, 1885. Judgment was rendered in favor of the defendants, from which the plaintiff appealed. The further facts are stated in the opinion of the court.

*S. M. Swinnerton,* for Appellant.

The act of March 27, 1870, so far as it authorized the recorder to retain fees for his own use, is inconsistent with article 11, section 5, of the constitution, and ceased to be operative on the 1st of July, 1880. (Const., art. 22, sec. 1; *Speegle* v. *Joy,* 60 Cal. 278.) The act of March 31, 1876, repealed the act of March 29, 1870. Thereafter, when the offices of clerk, auditor, and recorder became separate, there was no salary provided by law until the county government act of 1883 fixed the salary at eighteen hundred dollars per annum, and under that act all fees were required to be paid into the treasury. (Stats. 1883, pp. 362, 365; *Kinsey* v. *Kellogg,* 66 Cal. 111.)

*McD. R. Venable,* and *C. W. Goodchild,* for Respondents.

On July 1, 1881, San Luis Obispo became a county of the second class (Pol. Code, sec. 4007), and at the next general election thereafter the offices of clerk, recorder, and auditor were filled respectively by three persons. (Pol. Code, sec. 4107.) The act of March 31, 1876, thereupon became inoperative (*Kinsey* v. *Kellogg,* 65 Cal. 114; *Stoddard* v. *Williams,* 65 Cal. 472), and as it contained no repealing clause, the act of March 29, 1870, was revived (*People* v. *Hunt,* 41 Cal. 435; *Stoddard* v. *Williams,* 65 Cal. 472), and did not cease to be operative, under section 1 of article 22 of the constitution, on the

1st of July, 1880. (*Desmond* v. *Dunn*, 55 Cal. 249.) The defendant Darke being in office when the county government act of 1883 was passed, and his compensation being provided by law, such act did not take effect as to him. (County Government Act, sec. 182; Stats. 1883, p. 365.)

McKINSTRY, J.—This action is against F. E. Darke, and the sureties on his official bond, to recover the fees collected and retained by him as county recorder. Darke was the recorder of San Luis Obispo County from January 1, 1883, to January 1, 1885. Prior to the year 1881 the offices of county clerk, recorder, and auditor of San Luis Obispo County were held by the same person. Since 1881 each of the three offices has been legally held by a different person. By the act of March 31, 1876, Stats. 1875-76, p. 608, it was provided that the "county clerk" should receive a certain annual salary as his only compensation in all three capacities as county clerk, county auditor, and county recorder. After 1881, and while a different person was the incumbent of each of the three offices, the county clerk was entitled to receive no portion of the salary fixed by the law of 1876. That law became inoperative because it was intended to be operative only while the three offices were filled by one person. (*Kinsey* v. *Kellogg*, 65 Cal. 111.) Was there, then, no law providing for compensation for the county clerk, recorder, and auditor, respectively? The question is answered by the decision in *Stoddard* v. *Williams*, 65 Cal. 473. The statute applicable to the fees of recorder of San Luis Obispo County was the act of March 29, 1870. (Stats. 1869–70, p. 438.) Section 182 of the county government act, Stats. 1883, p. 365, provided: "The provisions of this act, so far as it relates to the fees and salaries of all officers named, . . . . shall not affect the present incumbents; provided, that when the salary of any such officer, or *fees* in lieu

of such salary, is not now fixed by law, the same shall, as to such officer, take effect immediately." It follows, that while the defendant Darke was in office he was entitled to receive and retain for services as recorder the fees allowed by the act of 1870. It is suggested, however, that the act of March 29, 1870, is "inconsistent" with the provisions of section 5, article 11, of the constitution,—provisions which "require legislation to enforce them,"—and that the act of 1870 "ceased" on the first day of July, 1880. But wherein is the act of 1870 inconsistent with legislation which the legislature, to be elected under the constitution, was commanded to enact by section 5, article 11? There is no mandate in section 5 directing the legislature to provide for the payment of salaries to county officers, nor does it prohibit the legislature from providing that such officers shall be compensated by fees. The legislative construction has been adverse to the view presented by counsel herein. The county government act provides that county surveyors and coroners, and public administrators, as well as justices of the peace and constables, shall be compensated only by such fees as are allowed by law. (Stats. 1883, p. 835. See also sec. 182, *supra.*) The legislature is directed to provide for the "strict accountability" of county and township officers for all fees which may be collected by them. This, read with the context, may or may not include fees collected for the services of those collecting them. But an officer who is compensated by fees may be made answerable with respect to moneys collected as fees, and may be required to render an account or relation of particulars with respect to charges made by him. It would be giving a forced construction to the clause of the constitution to say it prohibits the legislature from providing for the compensation of any county or township officer otherwise than by salary payable out of the county or township treasury, and that it requires that in every case a county or township officer

shall return the fees by him collected for his services into the treasury, receiving his compensation therefor in the form of a stated salary. As we have seen, such has not been the legislative construction of the clause; and, if such had been the intent of the framers of the constitution, it would seem, in view of the history of previous legislation on the subject, that the purpose would have been expressed in apt and appropriate language.

Judgment affirmed.

SEARLS, C. J., PATERSON, J., SHARPSTEIN, J., and MC-FARLAND, J., concurred.