[No. 14430. In Bank. — September 2, 1892.]

F. P. WARD, APPELLANT, v. JOHN MARSHALL, RESPONDENT.

|96  155|
|129  375|

OFFICER — RIGHT TO SALARY — REMOVAL FOR MISCONDUCT — REVERSAL OF JUDGMENT — MANDAMUS. — A public officer accused and found guilty of willful misconduct in office is entitled, upon a reversal of the judgment of removal, to the salary of the office during the time he was suspended from the performance of its duties by the erroneous judgment of the trial court, and may compel the auditor, by writ of mandate, to draw his warrant for the amount of such salary.

ID. — SALARY INCIDENT TO OFFICE — SUSPENSION WITHOUT RIGHT. — The right of a public officer to receive the salary attached to the office is an incident which attaches itself to the legal title to the office; and he cannot be deprived of the salary, because he was, without his fault and against his consent, suspended from office and released from the performance of its duties, pending an appeal from an erroneous judgment of removal for misconduct.

ID. — PAYMENT OF SALARY TO APPOINTEE DURING SUSPENSION. — The fact that during the time of the suspension from office of the officer convicted of misconduct its duties were performed by a person properly appointed for that purpose, pursuant to section 770 of the Penal Code, and that the county has paid the salary to such appointee, does not affect the right

of the suspended officer to recover the salary of the office during the time of his suspension.

ID. — EFFECT OF APPEAL — REVERSAL OF JUDGMENT — RESTORATION OF RIGHTS — CONSTRUCTION OF CODE. — Although section 770 of the Penal Code provides for a suspension from office pending the appeal from the judgment of removal, that section must be construed as a whole, and the right of appeal given by it secures the usual results which flow from the reversal of a judgment, including the restoration of all rights taken from the appellant by the erroneous judgment, and the leaving of the parties where they stood prior to its rendition.

APPEAL from a judgment of the Superior Court of Solano County.

The facts are stated in the opinion of the court.

*Raleigh Barcar*, for Appellant.

The salary of the office was an incident of the title thereto, and when the appellant recovered the office he was entitled to the salary as an incident. (See *Dorsey* v. *Smyth*, 28 Cal. 21; *Stratton* v. *Oulon*, 28 Cal. 44; *People* v. *Potter*, 63 Cal. 127; *Burke* v. *Edgar*, 67 Cal. 182; *Andrews* v. *Portland*, 79 Me. 484; 10 Am. St. Rep. 280; *Fitzsimmons* v. *Brooklyn*, 102 N. Y. 536; 55 Am. Rep. 835.)

*O. P. Dobbins*, for Respondent.

Parker was the *de jure* officer; he held the legal title, and as such was entitled to the salary. But assuming that he was only an officer *de facto*, even then the pay. ment of the salary to Parker is a good defense to any suit Ward might afterwards bring against the county, when it was determined that he was the true officer. (Meachem on Public Officers, secs. 332, 333; *Shaw* v. *Pima County*, 18 Pac. Rep. 273; *Auditors of Wayne Co.* v. *Benoit*, 20 Mich. 176; 4 Am. Rep. 382; *Dolan* v. *Mayor of New York*, 68 N. Y. 274; 23 Am. Rep. 168; *Smith* v. *Mayor of New York*, 1 Daly, 219–223; *Commissioners of Saline Co.* v. *Anderson*, 20 Kan. 298; 27 Am. Rep. 171; *Selby* v. *City of Portland*, 14 Or. 243; *Stuhr* v. *Curran*, 44 N. J. L. 181; 43 Am. Rep. 353; *McVeany* v. *Mayor*, 80 N. Y. 185; 36 Am. Rep. 600; *Nichols* v. *Branham*, 84 Va. 923; *State* v. *Clark*, 52 Mo. 508; *McManus* v. *City of Brook-*

*lyn*, 5 N. Y. Sup. Ct. 424; *Hagan* v. *City of Brooklyn*, 5
N. Y. Sup. Ct. 425; *Steubenville* v. *Culp*, 38 Ohio St. 23;
43 Am. Rep. 417.)

DE HAVEN, J.— The plaintiff was a justice of the peace
within the county of Solano, and on April 29, 1889, was
accused by the grand jury of that county of willful mis-
conduct in office.   He was tried upon this accusation,
and convicted; and on June 17, 1889, the superior court
made and entered its judgment in the proceeding, re-
moving him from his office.   In December following the
plaintiff took an appeal to this court from that judgment,
and on September 10, 1890, the judgment was reversed.
One of the grounds for the reversal was, that the accusa-
tion against plaintiff did not state facts sufficient to au-
thorize the judgment.   (*People* v. *Ward*, 85 Cal. 585.)
On July 22, 1889, the board of supervisors of the county
appointed one Parker to the office from which plaintiff
had been removed by the judgment of the superior court.
Parker qualified and discharged the duties of such office
until the judgment removing plaintiff was reversed by
this court, and the county paid to him the amount of
the salary of such office during that period.

The defendant here is the auditor of Solano County,
and this is a proceeding to compel him to draw his war-
rant on the treasurer of that county, in favor of plaintiff,
for the salary attaching to the office referred to, between
the date of the judgment of the superior court removing
plaintiff therefrom and the reversal of that judgment by
this court.

The superior court gave judgment in favor of defend-
ant, and the plaintiff appeals.

It will be seen from the foregoing statement of facts
that the sole question for decision here is, whether ap-
pellant is entitled to the salary of the office to which he
was elected, and for which he had duly qualified, during
the time he was suspended from the performance of its
duties by the erroneous judgment of the superior court.

It is claimed by respondent that under section 770 of

the Penal Code, which provides for an appeal from a judgment of removal from office, this question must be answered in the negative. That section is as follows: " From the judgment of removal an appeal may be taken to the supreme court, in the same manner as from a judgment in a civil action; but until such judgment is reversed, the defendant is suspended from his office. Pending the appeal, the office must be filled as in case of a vacancy." This section does very clearly provide that until the judgment of removal is reversed the defendant in the proceeding is suspended from his office, and that pending the appeal the office must be filled as in case of a vacancy, but there is nothing in this provision inconsistent with the right of such officer to receive the salary attached to his office if the final judgment in the proceeding shall be in his favor. The section must be construed as a whole, and the first sentence thereof which gives to a defendant in such a proceeding the right to appeal from the judgment must be allowed to accomplish its obvious purpose. Nothing can be clearer than that the legislature by this provision intended that the rights of a defendant in such a proceeding — his right to hold the office and receive its emoluments — should not be finally determined against him by the judgment of the superior court; and the right of appeal given by this section, in the absence of a clear and explicit declaration to the contrary, must be held to secure to a defendant, if successful upon such appeal, the usual results which as between the parties to it flow from the reversal of a judgment, to wit, the restoration of all rights which had been taken from him by such erroneous judgment. The effect of a reversal of a judgment is to leave the parties where they stood before its rendition. (*Phelan* v. *San Francisco*, 9 Cal. 16; *Crispen* v. *Hannovan*, 86 Mo. 168; Elliott's Appellate Procedure, sec. 580.)

And this was the effect of the reversal of the judgment in the proceeding brought by the people of the state to

remove plaintiff from his office, and he then became entitled to recover the salary of which he had been deprived by the erroneous judgment of the superior court. The right to receive such salary was not finally lost to him by such judgment, but only suspended during the period that it remained unreversed. The plaintiff, by virtue of his election and qualification as justice of the peace, became entitled to the salary attached to such office during the term, if he should live so long, and was not guilty of any misconduct for which he should be removed, or did not otherwise forfeit his legal title to such office. The right to receive the salary is an incident which attaches itself to the legal title to the office. (*Dorsey* v. *Smith,* 28 Cal. 21; *Burke* v. *Edgar,* 67 Cal. 182; *People* v. *Potter,* 63 Cal. 127; *Fitzsimmons* v. *City of Brooklyn,* 102 N.Y. 536; 55 Am. Rep. 835; *Andrews* v. *Portland,* 79 Me. 484; 10 Am. St. Rep. 280.) And when an officer is accused of misconduct in office, and an action brought to remove him therefrom, the question of his guilt or innocence can only be determined by the final judgment in the proceeding; and when, in the action brought against plaintiff, it was finally adjudged that he was not guilty of the misconduct charged against him, or that the accusation itself did not state facts which would justify his removal, the litigation was then terminated in his favor, and it would be unreasonable to hold that notwithstanding the final judgment to the effect that he had done nothing to warrant his removal from office, yet he had, by the erroneous and reversed judgment, been deprived of all that made the office of any pecuniary value.

The fact that during the time of his suspension from office its duties were performed by a person properly appointed for that purpose, and that the county has paid him the salary, does not affect the right of plaintiff to recover. He was, without fault on his part and against his consent, released from the performance of the duties of such office for the period named. (*Fitzsimmons* v. *City of Brooklyn,* 102 N. Y. 536; 55 Am. Rep.

835; *Andrews* v. *Portland,* 79 Me. 485; 10 Am. St. Rep. 280.)

Judgment reversed.

McFARLAND, J., HARRISON, J., and SHARPSTEIN, J., concurred.

Rehearing denied.