[Sac. No. 1170. In Bank.—September 10, 1903.]

## S. B. WILSON, Petitioner, v. JOHN P. FISHER, Auditor of El Dorado County, Respondent.

OFFICERS—CONTEST OF ELECTION—INCUMBENCY UNDER CERTIFICATE—RIGHT TO SALARY PENDING CONTEST—MANDAMUS.—The provision of section 936 of the Political Code that the person holding the certificate of election, who discharges the duties of the office, shall receive the salary of the office, notwithstanding a pending contest of the office, the same as if no such contest or proceeding were pending, is too clear for construction; and the right to receive such salary will be enforced by *mandamus.*

ID.—VALIDITY OF STATUTE—PROTECTION OF AUDITOR AND TREASURER.—Section 936 of the Political Code is not unconstitutional. The drawing of a warrant by the auditor in favor of the incumbent under the certificate of election, pending a contest, will relieve those officers and their bondsmen from any further liability in the premises.

WRIT OF MANDATE from the Supreme Court to the Auditor of El Dorado County.

The facts are stated in the opinion of the court.

William F. Bray, and W. C. Burgess, for Petitioner.

John P. Fisher, Auditor, etc., Respondent, *in pro. per.,* and Abe Darlington, for Respondent.

McFARLAND, J.—This is a petition by S. B. Wilson, upon notice, for a peremptory writ of *mandamus,* commanding the respondent, as auditor of El Dorado County, to draw his warrant for the salary of petitioner as superintendent of schools of said county for the month of March, 1903.

The facts are undisputed. At the general election of November 4, 1902, there were two candidates for superintendent of schools for said county—the petitioner and one T. E. McCarty. After a canvass of the returns by the board of supervisors the board declared petitioner elected, and immediately thereafter the county clerk of said county duly issued and delivered to petitioner a certificate of his election to said office, and petitioner duly took the oath of office, filed an

approved bond, and in all respects qualified himself for said office as required by law, and on the first Monday of January, 1903, took possession of said office, and has ever since been the incumbent thereof, performing all its duties. On November 29, 1902, the said McCarty duly contested petitioner's right to said office in the superior court of said county; and after a trial and a recanvass of all the ballots cast at said election, the court filed its findings and made and entered its judgment adjudicating that petitioner had been duly elected as said superintendent, and confirming his title to said office. The time for appealing from that judgment has not yet expired.

In section 936 of the Political Code it is provided as follows:—

"When the title of the incumbent of any office in this state is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for any part of his salary until such proceedings have been finally determined; provided, however, that this section shall not be construed to apply to any party to a contest or proceeding now pending or hereafter instituted who holds the certificate of election or commission of office, and discharges the duties of the office; but such party shall receive the salary of said office, the same as if no such contest or proceeding was pending." The provision of this section that the party holding a certificate of election, and discharging the duties of the office, "shall receive the salary of said office, the same as if no such contest or proceeding was pending," is entirely clear, and leaves no room for the play of construction; and under it petitioner is beyond doubt entitled to his salary. (See *Bledsoe v. Colgan*, 138 Cal. 34.) We see no valid reason whatever for holding the provision unconstitutional. The drawing of the warrant by the auditor, and its payment by the county treasurer, would relieve those officers and their bondsmen from any further responsibility in the premises.

Let a peremptory writ of mandate issue as prayed for in the petition.

Angellotti, J., Lorigan, J., Van Dyke, J., and Beatty, C. J., concurred.