[Sac. No. 1168. In Bank.—September 12, 1903.]

## W. A. ANDERSON, Respondent, v. W. M. BROWNING, County Auditor of Yolo County, Appellant.

OFFICERS—CONTEST OF ELECTION—CERTIFICATE—RIGHT OF INCUMBENT TO SALARY—EFFECT OF APPEAL—CASE AFFIRMED.—The holder of a certificate of election, who had become a qualified incumbent of the office, and who continued to exercise its functions pending an appeal from a judgment in favor of his opponent upon a contest of the election, is entitled, pending such appeal, to receive the salary, the same as if no contest was pending. The appeal stays the operation of the judgment, and leaves the certificate unimpaired until the appeal is decided. (The case of *Wilson* v. *Fisher, ante,* p. 188, is affirmed.)

APPEAL from a judgment of the Superior Court of Yolo County. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

Arthur C. Huston, Charles W. Thomas, William S. Wall, and Benjamin A. Martin, for Appellant.

Clark & Clark, and E. R. Bush, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment of the superior court of Yolo County, directing the issuance of a peremptory writ of mandate directing and requiring the defendant, as auditor of said county, to draw his warrant on the county treasurer of the county in favor of plaintiff, for the sum of $191.66, salary of said plaintiff as district attorney of the county for the month beginning January 5, 1903, and ending February 2, 1903.

The plaintiff, Anderson, and one Harry L. Huston were, at the general election of November 4, 1902, opposing candidates for the said office of district attorney. Upon the canvass of the returns of said election, Anderson was declared elected as district attorney by the board of supervisors of the county, a certificate of election as such district attorney was regularly issued to him by the county clerk of said county, and he duly qualified by taking the official oath and giving the requisite bond. Holding such certificate, he entered upon the discharge of the duties of such office at the commencement of the term

for which he had been declared elected,—to wit, January 5, 1903,—and has ever since continued to discharge the duties of the office.

On December 16, 1902, Huston instituted in the superior court of Yolo County his contest of the right of Anderson to hold the office, averring that he (Huston) had received a higher number of votes than any other candidate for said office, and that he was elected instead of Anderson. A trial was had in the superior court, resulting, on January 19, 1903, in a judgment in favor of Huston and against Anderson, declaring Huston to have been elected to said office at said election. On January 22, 1903, Anderson appealed to this court from said judgment, and said appeal is still pending. Under these circumstances, the auditor refused to draw his warrant in Anderson's favor for any portion of the salary of the office of district attorney.

There is no material difference between the facts of this case and those of the case of *Wilson* v. *Fisher, ante,* p. 188. It is true that Wilson not only held the certificate of election and was discharging the duties of the office, but had also prevailed in the superior court in the election contest instituted against him. The time for appeal from the judgment in the election contest had not, however, expired, and the proceeding was therefore still pending, just as here the contest between Anderson and Huston is still pending by reason of the appeal taken by Anderson. That appeal stays the operation of the judgment, and the certificate of election continues unimpaired during the pendency of the appeal. (*Day* v. *Gunning,* 125 Cal. 527.)

It was held in *Wilson* v. *Fisher,* that under section 936 of the Political Code, as amended in 1891, notwithstanding the pendency of a contest, one who holds the certificate of election or commission of office and discharges the duties of the office shall receive the salary of such office, the same as if no contest was pending. The court therein said that there was no constitutional objection to said section of the Political Code. That case is decisive of this.

The judgment is affirmed.

Van Dyke, J., McFarland, J., Lorigan, J., Beatty, C. J., and Henshaw, J., concurred.