[Civ. No. 110.   Second Appellate District.—February 27, 1906.]

## ELIAS TOUT, Appellant, v. T. H. BLAIR, Auditor of Tulare County, Respondent.

PUBLIC OFFICE—SALARY INCIDENT TO OCCUPATION OF OFFICE.—The legislature has power to provide that the salary attached to a public office shall be an incident, not to the title of the office, but to its occupation and exercise.

ID.—RIGHT OF INCUMBENT TO SALARY PENDING CONTEST—COUNTY SUPERVISOR.—Under section 936 of the Political Code, as amended in 1891, one who has received a certificate of election as county supervisor, qualified as such, entered upon the discharge of the duties of such office, and continued to perform them during the pendency of a contest respecting the title to such office and until he was ousted from the office as the result of the judgment in such contest, is entitled to receive the salary attached to the office to and until the judgment in the contest proceedings becomes final. The successful contestant has no right to the salary which accrued during that period.

ID.—BUT ONE SALARY FOR COUNTY OFFICE.—Under the limitations of the constitution, the legislature has power to provide for but one salary as an incident to a county office.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Charles G. Lamberson, for Appellant.

Daniel McFadzean, District Attorney, and Roth & McFadzean, for Respondent.

ALLEN, J.—Plaintiff, Tout, and one W. E. Hawkins, were, at the general election of 1902, opposing candidates for the office of supervisor of district No. 4 in Tulare county.   Upon a canvass of the returns Hawkins was declared elected and a certificate of election regularly issued to him, and he thereupon, within the time required by law, took the oath of office, executed his bond, and, on the fifth day of January, 1903,

entered upon the discharge of the duties of such office and continued so to act until the thirty-first day of May, 1904. Plaintiff, within due time after the canvass of vote, instituted in a proper court his contest of the right of Hawkins to hold the office, upon the ground that he had received at such election a greater number of votes than any other candidate, and averring that he was duly elected to such office. A trial was had and judgment went for plaintiff, which judgment became final May 31, 1904. The salary of the office for the period within which Hawkins performed the duties of supervisor under his certificate was regularly paid to him by warrants drawn by the auditor upon the treasury. Plaintiff, on June 28, 1904, demanded of the auditor that he draw his warrants upon the treasury in his favor for the salary covering the period between January 5, 1903, and May 31, 1904, which demand was by the auditor refused. Plaintiff thereupon instituted a proceeding in the superior court of Tulare county in *mandamus* to compel the issuance of his warrants. Judgment went for defendant auditor, from which, and an order denying a new trial, plaintiff appeals.

The principal contention of appellant is that the salary annexed to a public office is incident to the title of the office, and not to its occupation and exercise. This established principle received recognition in our supreme court in *Stratton v. Oulton,* 28 Cal. 45, and in succeeding cases; and appellant claims that, being actually elected to the office, the right to receive the salary follows as a natural consequence. The general principle before stated should not be carried to the extent of asserting that the legislative power of a state may not establish a different rule. To obviate consequent difficulties involving the personal liability of public officers intrusted the duty of disbursing salaries, section 936 of the Political Code was adopted, which provides: ''When the title of the incumbent of any office in this state is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for any part of his salary until such proceedings have been finally determined.'' This section was amended in 1891 by the following proviso: ''Provided, however, that this section shall not be construed to apply to any party to a contest or proceeding now pending or hereafter instituted who holds the certificate of election, or commission

of office, and discharges the duties of the office; but such party shall receive the salary of such office, the same as if no such contest or proceeding was pending." (Stats. 1891, p. 28, c. 44.) The salary mentioned in this act is the compensation which, by section 5, article 11, of the constitution, the legislature may regulate in proportion to duty. "There is no mandate in section 5 directing the legislature to provide for the payment of salaries to county officers." (*San Luis Obispo Co.* v. *Darke,* 76 Cal. 95, [18 Pac. 118].) It is therefore within the power of the legislature to determine what salary or compensation, if any, shall be paid for duties performed by a county officer, and to provide that when no duty was actually performed no salary should be allowed. The county government act fixes the salary of a supervisor of a county of the class to which Tulare belongs. But one compensation, however, is attempted to be fixed. The legislature has seen fit by this proviso to give that compensation to the holder of a certificate of election who is performing thereunder the duties of the office, and to withhold from any other person claiming title to such office any part of such salary. The proposition is most aptly, and, in our opinion, correctly, put by the trial judge in his opinion, as follows: "While it may be a hardship for one elected to office to have his term abridged and his salary diminished because the supervisors may have erroneously declared his opponent elected, it must be remembered that an officer elect takes his office subject to all of the limitations imposed by law, including that, that a portion of the salary may in case of a contest be paid to another." There is nothing in *Bledsoe* v. *Colgan,* 138 Cal. 36, [70 Pac. 924], counter to this. In that case the effect of the proviso was not involved. No one holding the legal indicia of title had performed the duties. While *Wilson* v. *Fisher,* 140 Cal. 188, [73 Pac. 850], and *Anderson* v. *Browning,* 140 Cal. 222, [73 Pac. 986], both give support to the proposition here advanced, in those cases it is determined that the holder of a certificate of election is entitled to his compensation until final judgment is entered against him. If such incumbent is entitled to the salary, even pending appeal, and there being but one salary to which anyone is entitled, it must follow that no other person can receive it.

It is suggested that it is possible so to construe section 936 of the Political Code as to hold that the legislature was in-

tending to be generous and thereby give two salaries. This construction can scarcely be maintained, when we consider the constitutional limitation of legislative power in the matter of fixing the compensation of county officers.

We are of the opinion that appellant is entitled to no part of the salary accruing before he assumed the duties of the office; and the judgment and order appealed from are affirmed.

Gray, P. J., and Smith, J., concurred.