[Civ. No. 138.    Third Appellate District.—March 17, 1906.]

## A. A. MERKLEY, Appellant, v. L. P. WILLIAMS, County Auditor, etc., Respondent.

OFFICERS—CONTEST OF ELECTION—RIGHT TO SALARY PENDING CONTEST—AMENDMENT OF CODE—POWER OF LEGISLATURE.—The legislature had power to amend section 936 of the Political Code, by the act of 1891, so as to change the previous rule that the officer *de jure* was entitled to the salary for the whole term, and to provide that pending a contest or proceeding, the party who holds the certificate of election and discharges the duties of the office shall be entitled to receive the salary the same as if no contest or proceeding was pending.

ID.—RIGHTS OF SUCCESSFUL CONTESTANT.—A successful contestant of the election is entitled only to receive the salary for the remainder of the term, after the certificate of election is annulled and canceled.

ID.—STATUTORY CONSTRUCTION—UNAMBIGUOUS STATUTE.—It is a cardinal rule of interpretation that a statute which is free from ambiguity and uncertainty needs no interpretation. Where the legislative will is clear, interpretation is not allowable; and the statute is conclusive upon the questions of justice and public policy, if it is not in conflict with the constitution.

APPEAL from a judgment of the Superior Court of Sacramento County.    J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

A. L. Shinn, and R. L. Shinn, for Appellant.

A. M. Seymour, District Attorney, for Respondent.

McLAUGHLIN, J.—At the general election held in 1902, the petitioner and one Charles E. Trainor were rival candidates for the office of tax collector of Sacramento county. The board of supervisors canvassed the returns of said election and declared that Trainor had been elected to said office, and a certificate of election was issued accordingly. Petitioner thereupon commenced an action contesting the election of Trainor, and upon the trial of said action judgment was entered declaring that petitioner had been duly elected to such office, and canceling and annulling the certificate of election issued to Trainor. The latter appealed from the judgment, and on March 7, 1904, a *remittitur* from the supreme court affirming the same was filed in the superior court. On the following day the petitioner duly qualified as tax collector, and thereupon demanded that the respondent issue warrants for the salary incident to such office from the commencement of the term to April 1, 1904. This the auditor refused to do, and this proceeding was commenced in the superior court to compel such action. The respondent answered, and after a hearing the court, in addition to the facts above stated, found that the respondent had paid the salary to Trainor, who held the certificate of election, from the seventh day of January, 1903, to the first day of March, 1904. Judgment was entered, decreeing that petitioner was entitled to the salary only from the seventh day of March, 1904, and a writ of mandate was issued commanding the payment of the salary to petitioner from said date. The petitioner has appealed from the judgment, and demands reversal, on the ground that he is entitled to the salary prescribed by law for the entire term for which he was elected, notwithstanding the payments made to Trainor under the provisions of section 936 of the Political Code.

It is argued in his behalf: (1) That the rule prevailing in this state prior to the amendment of said section in 1891 was that the officer *de jure* was entitled to the salary for the full term whether he filled the office or not; (2) that the amendment in question did not change the rule, but merely provided for the compensation of an officer *de facto* during his incumbency; (3) that, if said amendment must be construed as depriving the officer *de jure* of the salary of an office during the pendency of a contest, it is in conflict with the fundamental law and therefore void.

There can be no doubt that the authorities fully support the first of the points above enumerated. The doctrine that "the salary annexed to a public office is incident to the title to the office, and not to its occupation and exercise," involving the proposition that a person elected to an office was entitled to the salary from the commencement of the term for which he was elected, regardless of the wrongful payment of such salary to another, was announced in two very early cases (*Dorsey* v. *Smyth,* 28 Cal. 25, and *Carroll* v. *Siebenthaler,* 37 Cal. 195). And as a logical sequence flowing from this doctrine, it was held in a number of cases that the person occupying an office and performing its duties, no matter how strong his claim as an officer *de facto* might be, was not entitled to compensation. (*Stratton* v. *Oulton,* 28 Cal. 44; *Burke* v. *Edgar,* 67 Cal. 184, [7 Pac. 488]; *People* v. *Potter,* 63 Cal. 128.) These rules should constantly be borne in mind in construing said section 936 as amended, for the purpose of a law is always the most reliable guide to its proper interpretation, and the purpose of an amendment to a statute can usually be ascertained by a consideration of "the old law, the mischief, and the remedy." Prior to the amendment, the section in question read as follows: "When the title of the incumbent of any office in this state is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for any part of the salary, until such proceedings have been finally determined." The obvious purpose of this enactment was to preserve the salary for the person legally entitled thereto, and prevent its possible payment to another who claimed to hold the office *de jure* but was only a *de facto* officer. (*People* v. *Potter,* 63 Cal. 127.) Under the rule thus declared, it frequently happened that a person who believed, and holding a certificate of election or commission of office had a right to believe, himself entitled to the office, would perform the duties and assume the responsibilities thereof, and in the end be ousted without compensation for services rendered by himself and his deputies. This was, of course, a great hardship, and counsel here agree in saying that this was the mischief which the amendment was designed to remedy. But harmony of opinion ends here; appellant contending for the construction indicated in the second point above mentioned, and respondent stoutly maintaining that it was never intended that two salaries should

be paid, but that the salary should be paid to the person having a *prima facie* legal right to the office evidenced by a certificate of election or commission. The amendment out of which this contrariety of opinion arises consists of a proviso added to the original section reading as follows: "Provided, however, that this section shall not be construed to apply to any party to a contest or proceeding now pending or hereafter instituted who holds the certificate of election or commission of office and discharges the duties of the office; but such party shall receive the salary of such office, the same as if no such contest or proceeding was pending." "A cardinal rule of interpretation is that a statute free from ambiguity and uncertainty needs no interpretation. This must be so, for all interpretation and construction is for the purpose of ascertaining the legislative will. When this is clear, interpretation is not allowable. In such case, it cannot be argued that the result is unjust or against public policy. The statute itself is conclusive upon these subjects." (*Davis* v. *Hart,* 123 Cal. 387, [55 Pac. 1060] ; Lewis' Sutherland on Statutory Construction, secs. 389, 390.)

The rule above quoted applies with conclusive force to this amendment. There is no room for construction or interpretation of the language used. It can mean but one thing, and that is that the party to the contest who holds the certificate of election or commission, and is discharging the duties of the office, "shall receive the salary of such office." This is clear from that portion of the amendment concluding with the words last quoted. But as if to remove all possible doubt, and place the matter beyond cavil, the words "the same as if no contest or proceeding was pending" were added. If no contest or proceeding was pending, the most captious would hardly question the right of the person holding the certificate of election or commission of office, and performing the duties of the office, to receive the salary annexed thereto by law. And the intent and purpose of the legislature to continue such right, and maintain the status existing before the contest was commenced, during the pendency of the proceeding, is so clearly expressed that it would be nothing short of judicial usurpation of legislative functions for this court to attempt to give the language employed another and different meaning. If further light touching the legislative intent was required, the contemporaneous amendment of section 937 affords such

light. That section, as originally enacted, first provided for the immediate notice to the officers charged with the duty of drawing or paying salary warrants that a contest was pending. The evident purpose of this notice was to warn the officers in question that the payment of the salary of the office was suspended pending the determination of the contest. But by the amendment the significant words "except in cases included in the proviso to the foregoing section" were added. It is very clear to our minds from the foregoing analysis that the sole object and purpose of the amendment to section 936 was to provide for the payment of "the salary of such office" to the person whose legal right to hold it was attested by the certificate of election issued pursuant to law, until such evidence of legal right to occupy the office was canceled and annulled by judicial decree which awarded the office to another. And this, of course, excludes the idea that such other person should also be paid "the salary of such office," which under the law had already been paid to another.

It is earnestly contended that the interpretation we have given this legislation should be avoided, because it changes the rule which had obtained in this state for years and leads to absurd and unjust results. But the legislative department has the right to change laws whenever it is deemed expedient to do so. The usual, ordinary, and we may say the unvarying, purpose of an amendment to a statute is to change or modify the rule of law thereby declared. It is only when the purpose of legislation is doubtful, or the meaning of language used is uncertain or obscure, that courts are privileged to adopt a construction in harmony with existing law, and act on the assumption that no radical change was intended. When the purpose and meaning is clear, the will of the legislature is paramount and controlling, and courts will enforce the law according to its letter and spirit, unless it conflicts with the constitution. The probable results and expediency of legislation are proper subjects for consideration by the proper department of government, but courts cannot invade the province of another department by setting up contrary views touching the unwisdom or injustice of a constitutional law as an excuse for nullifying or transforming it. Waiving these reflections, however we can see no injustice or absurdity in a rule which awards the salary of an office to the person performing the duties for which the compensation was pro-

vided, especially when such person is clothed by law with all the indicia of legal right to hold such office and enjoy its emoluments. Every candidate for public office becomes such with a full knowledge, imputed by law, that, if the declaration of the canvassing board is against him, the salary will be paid to another until he can vindicate his legal right to hold such office in a proceeding instituted for that purpose. The contestant is privileged to pursue his calling pending the contest, while the incumbent must necessarily devote his time to the performance of the duties of an office, the responsibilities of which he has assumed under sanction of the law and every color of legal title. Under these conditions, abstract justice would hardly require that the compensation intended as a reward for the performance of public service should be denied to the person rendering such service, and granted to one who performed no service whatever, and who, pending the contest, had no apparent right to the office to which the compensation was annexed. Nor can fairness or justice require the payment of one salary to the person performing the duties, and another to one who not only performed no service, but who reaped the usual reward for service rendered in the pursuit of his ordinary vocation. The injustice to the public lurking in a rule requiring double compensation for the same service is far more apparent than any possible injustice accruing to one who voluntarily sought the position, and was presumably willing to comply with all conditions born of the law, with which he must be held fully acquainted. The cases cited by appellant as supporting a contrary view are not in point. In *Ward* v. *Marshall,* 96 Cal. 155, [31 Am. St. Rep. 198, 30 Pac. 1113], the petitioner had been removed from office, and on appeal the judgment of removal was held erroneous. It was there held that the unauthorized removal did not interrupt his legal right to the office and its emoluments. In *Bledsoe* v. *Colgan,* 138 Cal. 34, [70 Pac. 924], the petitioner was claiming the salary as an incumbent, and besides, the closing sentence in the opinion, upon which appellant relies, did not receive the sanction of a majority of the court.

We do not think the third point enumerated can be sustained. The legislature is given general power to provide for the election and compensation of county officers. In doing so it was necessary to provide some method for determining the result of elections and the issuance of a certificate or

commission to the person declared elected. Having this power, and being charged with the duty of providing for the compensation of officers, we are of the opinion that it was within the scope of legislative power to provide that the compensation annexed to an office shall be paid to the incumbent who holds a certificate of election, until such certificate is annulled and canceled. (Const., art. II, secs. 5, 6; *Wilson* v. *Fisher*, 140 Cal. 188, [73 Pac. 850] ; *Anderson* v. *Browning*, 140 Cal. 222, [73 Pac. 986].)

For the reasons above stated, and other reasons given in the case of *Tout* v. *Blair*, *ante*, p. 180, [84 Pac. 671], the judgment appealed from is affirmed.

Chipman, P. J., and Buckles, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 16, 1906.