[Civ. No. 15316. Second Dist., Div. Three. Oct. 28, 1946.]

LEON BENWELL, Respondent, v. J. M. LOWERY, as Auditor, etc., et al., Appellants.

Harold W. Kennedy, County Counsel, S. V. O. Prichard, First Assistant County Counsel, and Charles C. Stanley, Jr., Deputy County Counsel, for Appellants.

Albert D. White and Joseph A. Ball for Respondent.

SHINN, J.—This is a proceeding in mandamus to establish plaintiff's right to receive the salary of a justice of the peace of Signal Hill Township in Los Angeles County, and to compel the defendant Lowery, as auditor, to draw warrants in his favor for such salary for the months of August, 1944, to September, 1945, inclusive. Plaintiff had judgment and defendants have appealed.

Judgment was rendered upon the pleadings, from which the following facts appear: Plaintiff was elected justice of the peace of the township August 25, 1942, for a term of four years, commencing January 4, 1943; he received a certificate of election, and entered upon the discharge of his official duties January 4, 1943. On August 29, 1944, the board of supervisors adopted a resolution declaring vacant the office of justice of the peace of said township by reason of the

absence of plaintiff from the State of California from August 2, 1944, to September 5, 1944, not on official business, and without the consent of the board of supervisors, and at the same time the board appointed Stanley A. Foutz as justice of the peace of said township. A commission of office was issued to said Foutz and he entered upon and discharged the duties of said office from on or about August 29, 1944, to September 30, 1945. On or about September 11, 1944, said board caused the locks on the court room and chambers doors to be changed and plaintiff was prevented from carrying on and performing his duties as justice of the peace until the 30th of September, 1945. On October 17, 1944, a quo warranto proceeding was instituted, upon relation of Benwell, against Foutz, and a judgment was entered therein declaring Benwell to be the justice of the peace of said township; that Foutz was guilty of usurping and unlawfully holding said office, and ousting and excluding him from the same. This judgment was affirmed on appeal September 25, 1945, (*People ex rel. Benwell* v. *Foutz,* 27 Cal.2d 1 [162 P.2d 1]) and Foutz then surrendered the office to Benwell, who entered upon and has since performed the duties thereof.

Defendant Lowery has drawn warrants in favor of Foutz for the monthly salary from August, 1944, to and including September, 1945, although the same have not been delivered, and he refuses to draw warrants in favor of plaintiff covering the salary for the same months. In the instant proceeding both defendants assert the claim of Foutz to receive the salary.

Defendants concede that plaintiff is entitled to the salary of the office, except during the period of the pendency of the quo warranto proceedings, namely, October 17, 1944, to September 25, 1945, but they contend that Foutz was entitled to the salary during that period. They rely upon sections 1130, 1131, and 1132 of the Government Code, which were taken from sections 936 and 937 of the Political Code. Original section 936 read as follows: "When the title of the incumbent of any office in this State is contested by proceedings instituted in any Court for that purpose, no warrant can thereafter be drawn or paid for any part of his salary until such proceedings have been finally determined." In 1891 the section was amended by adding: "Provided, however, that this section shall not be construed to apply to any party to a contest or proceeding now pending or hereafter instituted,

who holds a certificate of election or commission of office and discharges the duties of the office; but such party shall receive the salary of such office, the same as if no such contest or proceeding was pending.'' With slight grammatical altera-tions, section 1130 of the Government Code is the same as original section 936 of the Political Code, and section 1132 of the Government Code embodies the 1891 amendment to said section 936. *Merkley* v. *Williams,* 3 Cal.App. 268 [84 P. 1015]; *Tout* v. *Blair,* 3 Cal.App. 180 [84 P. 671], and *Chub-buck* v. *Wilson,* 151 Cal. 162 [90 P. 524, 12 Ann.Cas. 888], cited by defendants, were typical cases of the proper applica-tion of section 936, as amended. In each case the board of supervisors had erroneously canvassed the votes, in one case for tax collector, in another for supervisor, and in the third case for sheriff, and had issued certificates of election to the supposed victors, who thereupon took and held the respective offices. In each case a contest had been instituted and the contestant had been successful, but the temporary incumbent was awarded the salary during the pendency of the contest.

Defendants say that Benwell is in the same position as the respective contestants in the three cases cited, that Foutz is in the same position as the candidates in those cases, who, although they had lost the elections, had been issued certifi-cates of election and had performed the duties of their respec-tive offices during the pendency of the contests, and they con-tend that the cited cases are therefore controlling. Foutz, they say, held a commission of office, performed the duties of the office, and therefore is entitled to the salary. We could concur in this view if Foutz had been issued a commission of office within the purview of section 1132 of the Government Code. Performance of the duties of the office, without being the holder of a valid commission, would not have given him a right to the salary. (*Bledsoe* v. *Colgan,* 138 Cal. 34 [70 P. 924].) Section 1130 of the Government Code is but a statement of the established principle that the right to receive the salary is an incident which attaches to the legal right to an office. (*Ward* v. *Marshall,* 96 Cal. 155, 159 [30 P. 1113, 31 Am.St.Rep. 198]; *People* v. *Potter,* 63 Cal. 127.) Section 1132, Government Code, states an exception to the rule. The certificate of election or commission upon which the right to salary rests must, of course, be a valid one.

In *Wilson* v. *Fisher,* 148 Cal. 13 [82 P. 421], Wilson sued

to recover his salary as superintendent of schools, for which office he held a certificate of election pursuant to declaration of the board of supervisors, following their canvass of the votes. In an election contest one McCarthy was declared to have been elected and Wilson appealed more than 10 days after the judgment was rendered. Section 1127 of the Code of Civil Procedure then read: ''Whenever an election is annulled, or set aside by a judgment of the superior court, and no appeal has been taken within ten days thereafter, the commission, if any has issued, is void, and the office vacant.'' In rejecting Wilson's claim to the salary, the court said (p. 17): ''To entitle him to salary during the pendency of a contest involving his title to the office, the incumbent must bring himself within this exception to the general rule declared by the section [amended section 936, Political Code]; in other words, he must not only be the incumbent discharging the duties of the office, but he must also hold the certificate of election or commission of office. (*Bledsoe* v. *Colgan,* 138 Cal. 34 [70 P. 924].) This means, of course, a certificate of election or commission of office that is in force, and not one that has been irrevocably nullified. One cannot be said to hold the certificate of election or commission of office, where the effect of a judgment of the superior court has been to finally render what was originally such a certificate or commission of no further legal force or effect. The plain intent of section 936 of the Political Code was to allow the payment of salary pending contest only to the incumbent who possesses such legal evidence of title to the office as is furnished by a certificate of election or commission of office, and when the certificate once held by him has been finally rendered void it no longer constitutes such evidence.''

██ The board of supervisors, in declaring plaintiff's office vacant, acted pursuant to the provisions of sections 1053 and 1770 of the Government Code (Stats. 1943, p. 956). The former section provides that a township officer may not absent himself from the state for more than five days, except upon business of the state, county or township, or with the consent of the board of supervisors, and the latter section provides that absence under the forbidden conditions causes a forfeiture of the office and a vacancy therein. In *People ex rel. Benwell* v. *Foutz, supra,* the court declined to give effect to these sections of the Government Code, for the reason that they are in conflict with the provisions of section 9, article VI

of the Constitution, insofar as they relate to judicial officers. The conflict arises from the fact that section 9 forbids the Legislature to grant leaves of absence to judicial officers and provides that absence from the state of such officers for 60 consecutive days results in forfeiture of office. It is only restating the holding of the court to say that the action of the board in attempting to appoint Foutz to a vacancy which did not exist was without legal authority and void.

*Merkley* v. *Williams, supra,* and the other two cases first herein cited are not in point. The certificates of election there involved, although they had been issued erroneously, were valid until their invalidity had been established through a determination that they had been issued in error. They were certificates of election within the purview of amended section 936 of the Political Code and section 1132 of the Government Code, for if it had not been contemplated that erroneous certificates of election might be issued, there would have been no occasion for the amendment of section 936. But in plaintiff's case the situation is different. He has been at all times the legal holder of the office and entitled to occupy it; Foutz was a mere intruder. The commission which Foutz held was worthless so far as the present controversy is concerned, for the board had no power to appoint him to an office which was then held by Benwell. Holding nothing which can be regarded as a commission of office within the meaning of section 1132 of the Government Code, Foutz is not entitled to the salary and Benwell gets it.

The judgment is affirmed.

Desmond, P. J., and Kincaid, J. pro tem., concurred.

A petition for a rehearing was denied November 15, 1946, and appellants' petition for a hearing by the Supreme Court was denied December 23, 1946. Shenk, J., and Schauer, J., voted for a hearing.