[L. A. No. 749. Department Two.—December 29, 1899.]

## THE PEOPLE ex rel. BARKER, Appellant, v. JOHN SHAVER, Respondent.

OFFICERS—NOTICE OF ELECTION—CERTIFICATE—TIME FOR QUALIFICATION—CONSTRUCTION OF CODE.—The "notice of election" provided for in section 907 of the Political Code is to be given by the issuance of the certificate of election provided for in section 1284 of that code, and the time for the qualification of an elected officer is within ten days after the issuance of his certificate of election, or in default of such certificate, within fifteen days after the commencement of his term of office.

ID.—ACTUAL KNOWLEDGE—CANVASS OF RETURNS BY ELECTED SUPERVISOR.—The actual knowledge of the result of the election cannot dispense with or take the place of the issued certificate of election; and the fact that an elected supervisor, as chairman of the existing board of supervisors, participated in the canvass of the returns of the election, does not affect the time for his qualification for the elected office.

ID.—ABORTIVE ATTEMPT AT QUALIFICATION—FORFEITURE—DUE QUALIFICATION—TITLE TO OFFICE.—An abortive attempt at qualification by an elected supervisor, by way of anticipation of the notice of election required by law, cannot work a forfeiture of his right; and, if no certificate of election is subsequently issued, a due qualification effected by him within fifteen days from the commencement of his term is sufficient to entitle him to the office.

ID.—INVALID APPOINTMENT BY GOVERNOR.—There being no vacancy in the office of supervisor, an appointment by the governor to that office is invalid, and confers no right.

APPEAL from a judgment of the Superior Court of Riverside County. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney General, W. C. Van Fleet, and John G. North, for Appellant.

Section 907 of the Political Code, providing for qualification within ten days after the officer "has notice of his election," was purposely changed from prior legislation, requiring the oath to be indorsed on the certificate of election. (Hittell's Gen. Laws, secs. 4735, 4739.) This change indicates that the legislature did not intend that the new statute should be the same as the old statute. (23 Am. & Eng. Ency. of Law, 373, note, 2; *United States v. Bashaw*, 50 Fed. Rep. 749, 753, 754.) The defendant could waive any notice intended for his benefit, and did so by his action, making his actual knowledge indisputable. (Civ. Code, sec. 3513; *Payne v. San Francisco*, 3 Cal. 122, 126, 127; *Wall v. Heald*, 95 Cal. 364, 368; *Forni v. Yoell*, 99 Cal. 173, 175-78; *O'Neil v. Donahue*, 57 Cal. 226, 231; *Mullally v. Benevolent Soc.*, 69 Cal. 559, 561, 562; *Gray v. Winder*, 77 Cal. 525; *Dow v. Ross*, 90 Cal. 562; *California Imp. Co. v. Baroteau*, 116 Cal. 136, 138, 139.) The failure of the defendant to qualify in time created a vacancy, which the governor was entitled to fill. (Pol. Code, secs. 907, 947, 996; *People v. Taylor*, 57 Cal. 620; *Lorbeer v. Hutchinson*, 111 Cal. 272; *People v. Shorb*, 100 Cal. 537, 540; 38 Am. St. Rep. 310.)

Thomas T. Porteous, and Purington & Adair, for Respondent.

Provisions for the forfeiture of vested rights are to be construed strictly against the forfeiture (*People v. Perry*, 79 Cal. 112); and the people should not be robbed of their choice of officers, unless a construction rendering the qualification of the elected officer illegal is absolutely necessary. (*State ex rel. Lyons v. Ruff*, 4 Wash. 234.) Section 907 of the Political Code must be construed with section 1284, providing for a certificate of election. An elected officer is not bound to act upon his knowledge of his election, but may await his certificate, or qualify within fifteen days after his term begins, if he has no certificate. (*People v. Perkins*, 85 Cal. 512.) Notice does not

mean knowledge, but information from an authentic source, requiring action. (*In re Central Irr. Dist.*, 117 Cal. 391; *Williams v. Bergin*, 108 Cal. 171.) The certification of the result of the election is the authentic mode for ascertaining the result. (Mecham on Public Officers, 965, 966; *Payne v. San Francisco*, 3 Cal. 122; *State v. Meder*, 22 Nev. 264; *Attorney General v. Elderkin*, 5 Wis. 300; *Kimberlin v. State*, 130 Ind. 120; 30 Am. St. Rep. 208; *People v. Crissey*, 91 N. Y. 616, 627.)

HENSHAW, J.—This action is prosecuted under section 803 of the Code of Civil Procedure to have it declared that the defendant unlawfully holds and exercises the office of supervisor of the fifth supervisor district of Riverside county, and that the relator, Barker, is entitled to the office. The facts are not in dispute. They are the following: The defendant was elected to the office at the general election in 1898. At that time he was a supervisor and the chairman of the board of supervisors of the county. As required by law, the board canvassed the returns of the election, and entered the result in its minutes. Shaver presided as chairman of the board, participated in the canvass and in the action of the board declaring the result, and signed the minutes of the board to that effect. On November 21, 1898, with the purpose and intent of qualifying for the office, he executed and filed an official bond in which it was declared that he had been elected to the office. The bond was insufficient and void. He did not take the oath of office until December 24, 1898, on which date, with the same purpose and intent to qualify for the office of supervisor, he took and subscribed the oath of office, and on December 26, 1898, it was filed in the office of the county clerk. The new term of office commenced upon the second day of January, 1899. Thereafter, on January 5, 1899, Shaver executed and filed an official bond sufficient in form, and took and filed his official oath of office, which was attached to the bond. On March 7, 1899, the governor appointed the relator to fill the vacancy caused by the failure of the defendant to file his official oath and bond within the time required by law. The relator made and filed his official oath and bond within ten days after his appointment.

Upon these facts judgment passed for Shaver. Upon this ap-

peal it is contended that upon the face of the record it is made to appear that Shaver had actual notice of his election sufficient to meet the requirements of section 907 of the Political Code; that thereupon it became incumbent upon him, under the provision of that section, to take, subscribe, and file his oath of office within ten days; that this admittedly Shaver failed to do. Or, if it was not his duty to act under the notice, still, by acting as evidenced by his abortive attempt to file an undertaking and oath of office, he waived any right which he might otherwise have had to any other notice, and is bound by the result of his own conduct; that in either aspect of the case he forfeited his right to the office to which he had been elected, and a vacancy therein existed, to which the relator was duly appointed, and for which he had duly qualified; that the judgment of the trial court should therefore be reversed, and it should be directed to enter a judgment upon the admitted facts in favor of the relator.

Chapter XI of part III, title II, of the Political Code deals with the canvass of returns in elections, and provides for a meeting of the supervisors for that purpose, for the mode of making the canvass, and for the entering of the result in their minutes, with a declaration of the names of the persons elected. Section 1284 of the Political Code then provides: "The county clerk must immediately make out and deliver to such person . . . . a certificate of election signed by him and authenticated with the seal of the superior court." Section 907 of the Political Code provides: "Whenever a different time is not prescribed by law, the oath of office must be taken and subscribed and filed within ten days after the officer has notice of his election or appointment, or before the expiration of fifteen days from the commencement of his term of office when no such notice has been given." The notice here contemplated and provided for is the notice contained in the certificate of election required to be delivered by the county clerk. (*People v. Perkins,* 85 Cal. 512.) Each officer elect is entitled to receive such notice, and actual knowledge will not supply the place of it. The requirement that the county clerk shall issue a certificate, and thus bring notice home to the successful candidate, is something more than a provision designed for his private advantage, and which may

therefore be waived by him at pleasure. It is the mode pre-scribed for the orderly announcement of the result of an election, and is as much a part of the machinery of the election as are the provisions for the canvassing of the returns and the registration of the result. All are parts of the same scheme, and all are based upon considerations of public policy. (*State v. Meder.* 22 Nev. 264; *People v. North,* 72 N. Y. 128.) No potency attaches to the circumstance that Shaver was chairman of the board of supervisors and signed the minutes, so that, as appellant states, it appears of record that he had notice of the result. The records of the board of supervisors were not designed to charge any person with notice of the result of the election, and should not be held to do so in the case of a member of the board of supervisors, any more than in the case of any other officer elect whose interest and curiosity might prompt him to read them. Each officer was entitled to the notice provided for by law, and could rest secure until such notice was given. Shaver's attempt, admittedly abortive, to anticipate this notice by filing a bond and oath of office, should not be held to work a forfeiture of his right. The notice not having been given, it became the duty of Shaver, under section 907 of the Political Code, to qualify before the expiration of fifteen days from the commencement of his term, and this he did. It resulted therefrom that there was no vacancy in the office.

The judgment appealed from is therefore affirmed.

McFarland, J., and Temple, J., concurred.