[S. F. No. 3130.    In Bank.—December 5, 1902.]

BENJAMIN F. BLEDSOE, Petitioner, v. E. P. COLGAN, Controller, Respondent.

OFFICERS—ELECTION OF SUPERIOR JUDGE—TIE VOTE—QUO WARRANTO— SALARY PENDING APPEAL—CONSTRUCTION OF CODE.—Where the result of an election for superior judge had been declared to be a tie vote by the supervisors when canvassing the vote, and one of the candidates brought an action of *quo warranto* against the incumbent who claimed the right to hold over, in which action the other candidate intervened, a judgment in favor of the plaintiff in *quo warranto* does not constitute a commission of office within section 936 of the Political Code, and he is not entitled to draw the salary pending an appeal from the judgment.

PETITION for mandate to the State Controller.

The facts are stated in the opinion of the court.

W. J. Hunsaker, for Petitioner.

Tirey L. Ford, Attorney-General, George S. Sturtevant, Deputy Attorney-General, and C. C. Haskell, for Respondent.

GAROUTTE, J.—This is an original proceeding for mandate brought against the state controller, asking that he be ordered to draw his warrant in favor of Benjamin F. Bledsoe for salary as judge of the superior court in and for the county of San Bernardino. The facts are these:—

Bledsoe and Bennett were opposing candidates for the office of judge of the superior court of San Bernardino County at a general election. The result of the canvass of the election returns was declared to be a tie vote by the board of supervisors, and it was also declared that no person was elected to the office. Thereafter, upon April 15, 1901, Bledsoe began an action in the superior court in the nature of *quo warranto* to contest the right of John L. Campbell to hold the office of judge of the superior court of the aforesaid county, asking that he be ousted from the office, and that this petitioner, Bledsoe, be declared to have title to the office. Campbell, the incumbent, claimed the right to the office after the expiration

of his term until his successor was duly elected and qualified. Bennett appeared in the litigation by intervention. The trial resulted in a judgment that Bledsoe had been duly elected to the office, and should take possession thereof upon qualifying *and taking the oath*, and that Campbell should be ousted therefrom. Subsequently Bledsoe qualified, took possession of the office, and has continuously performed the duties thereof until the present time. Campbell and Bennett have appealed from the aforesaid judgment, and on that appeal the judgment has been affirmed.

Under the foregoing state of facts is petitioner, Bledsoe, entitled to his salary pending the appeal? The solution of this question is dependent alone upon the construction to be given section 936 of the Political Code, which section is as follows: "When the title of the incumbent of any office in this state is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for any part of his salary until such proceedings have been finally determined; *provided, however,* that this section shall not be construed to apply to any party to a contest or proceeding now pending or hereafter instituted who holds the certificate of election or commission of office and discharges the duties of the office; and such party shall receive the salary of such office the same as if no such contest or proceeding was pending." For many years this section stood upon the statute-books as quoted, down to the word "provided." The proviso here found was incorporated in the section by the state legislature of 1891. Prior to 1891, when litigation arose contesting the title to an office, no salary could be paid to the incumbent of the office until that litigation was finally determined. But the legislature, recognizing the extreme harshness of this rule, made the exceptions found in the aforesaid proviso; and the question is now presented, Does this petitioner bring himself within those exceptions? In other words, is he a party "who holds the certificate of election or commission of office"? If he be such a party, then, by virtue of the statute, he is entitled to receive the salary of the office.

There is no claim made by petitioner that he holds a certificate of election, but he does claim that he holds a *commission of office,* and that commission of office he asserts to be the judgment rendered by the trial court in his favor. This court

cannot bring itself to agree with this contention. A judgment in his favor is not "a commission of office," as that phrase is here used. The use of the verb "holds" in the statute indicates that something tangible is meant to be held—that some paper, some evidence of title to office, must be in the possession of the incumbent of the office. As a general rule, title to office is evidenced in two ways,—namely, by a certificate of election, or by a commission,—and the court is convinced that the legislature had in mind these two ways of evidencing title to office when it used the language found in the aforesaid proviso of the section.

Section 891 of the Political Code declares: "The governor must commission: 1. All officers elected by the people whose commissions are not otherwise provided for; 2. All officers elected by the legislature; 3. All officers of the militia; 4. All officers appointed by the governor, or by the governor with the advice and consent of the senate; 5. United States senators."

Section 893 declares: "The commissions of all other officers, where no special provision is made by law, must be signed by the presiding officer of the body, or by the person making the appointment." And section 1291 declares: "Upon receipt of such copy, the governor must issue commissions to the persons who from it appear to have received the highest number of votes for offices, except that of governor or lieutenant-governor, to be filled at such election." When the statute says the governor must commission certain officers it means he must issue to them commissions, and when he issues to either elected or appointed officers commissions, then those officers hold *commissions of office*. It is these *commissions of office* that the statute refers to in the aforesaid proviso of section 936.

Bouvier declares the commission of a public officer to be: "Letters patent granted by the government under the public seal to a person appointed to an office, giving him authority to perform the duties of his office." And this is the kind of "commission of office" referred to in the statute. The judgment of a judicial tribunal, whether that judgment be final or otherwise, does not come within the proviso of the statute. Legislation is needed to bring a judgment within that proviso. In conclusion, it may be suggested that as the judgment in the election contest case heretofore cited has become final in

favor of the petitioner, it follows that he will be entitled to his salary for his full term as judge *de jure.*

For the foregoing reasons the application for the writ is denied.

McFarland, J., Harrison, J., and Van Dyke, J., concurred in the judgment.

BEATTY, C. J., dissenting.—I dissent. If the dismissal of this proceeding was based upon the ground that the affirmance of the judgment in the case of *People* v. *Campbell, ante,* p. 11, puts the right of petitioner to receive his salary during the pendency of that appeal into the category of moot questions, I should have nothing to say. Since it is agreed on all sides that a final judgment confirming petitioner's title to the office will enable him to collect his back salary in full as soon as he could collect it by means of a peremptory writ issued in this case, it is of no practical consequence to these parties how the question originally involved may be decided. But since the court has undertaken to construe the law, and so to make a precedent for future cases, I desire to indicate very briefly the reasons why, in my opinion, that construction is unwarranted.

The right of the public officers of this state to receive their salaries at stated periods is not derived from section 936 of the Political Code. By various provisions of the general laws of the state the amount and mode and manner of payment of all salaries are fixed and established. In the case of the judges of the superior court, the payment of their salaries is provided for in the constitution itself. (Art. VI, sec. 17.) In this section of the constitution we find a provision with respect to this office which is merely an example of the general rule as to all offices,—viz., that at stated times during their continuance in office the incumbents are to receive the compensation previously fixed by law.

To this general rule section 936 of the Political Code is the exception, and unless this petitioner came within the exception he was entitled to be paid under the rule.

Now, section 936 may be construed in either of two ways: It may be subjected to a strict and narrow and literal construction, or it may be accorded the liberal construction that is

usually placed upon remedial laws—a construction which will advance the remedy in accordance with the purpose of the legislature. We may do one thing or the other, but whichever rule we adopt it should be equally applied to every part of the section. We have no right to be liberal as to one clause and strict as to the other. This, however, is what, in my opinion, the court has done. In construing the proviso it has held that the petitioner is not within its terms because his muniment of title—the judgment in the *quo warranto* case—is not a certificate of election or commission of office, and this largely upon the ground that it is not something tangible that he can "hold." It would seem that this part of the argument might be met by the suggestion that he could "hold" a certified copy of the judgment if its existence of record is not enough. But aside from this, and admitting the validity of the argument, it is clear that the decision goes to the extreme limit of strictness of construction. Suppose the same rule of construction is applied to that part of the section which precedes the proviso. In its strict terms it does not apply to petitioner at all. When the action of *People ex. rel. Bledsoe* v. *Campbell* was commenced he was not the *"incumbent"* of the office; Judge Campbell was, and by the terms of the statute it was only *"his"* (Campbell's) salary that was stopped. The section exhausted its force upon Campbell, and when Bledsoe came in, in pursuance of the judgment, not being within the terms of section 936,—the exception,—he was entitled to be paid under the rule.

All this is said, however, merely to show that a consistent application of the strict rule to all parts of the section would exempt the petitioner from its operation and give him the benefit of the general rule under which the salaries of all superior judges are payable monthly.

In my own opinion, the whole section, and especially the proviso, remedial as it is conceded to be, calls for a liberal and not a narrow construction, and since petitioner immediately after the judgment in *Bledsoe* v. *Campbell* became an "incumbent" of the office, and since Bennett, by his intervention and appeal, was contesting his right, I should hold that from and after that time he was affected by the first part of the section, but upon the same rule of construction I should hold that he also came within the proviso. That he was discharging

the duties of the office is not questioned, and the only objection
is that he had no certificate of election or commission of office.
I attach no importance to the fact that his muniment of title
—the judgment—was not a thing which he could hold in
manual possession.   The only question to be considered is
whether it was the legal equivalent of a certificate or com-
mission.   That it was such equivalent is to my mind perfectly
clear.   Bledsoe, the petitioner here, claiming to be the *de jure*
officer, went into the office under and by virtue of the judgment
in the *quo warranto* case, a judgment entered in pursuance of
section 806 of the Code of Civil Procedure, which reads as
follows: ''If the judgment be rendered upon the right of
the person so alleged to be entitled, and the same be in favor
of such person, he will be entitled, after taking the oath of
office and executing such official bond as may be required by
law, to take upon himself the execution of the office.''   The
plain and obvious meaning of this section is, that the entry of
judgment in his favor superseded the necessity of any other
certificate or commission.   It was itself all that a certificate or
commission could be or ever is,—viz., evidence of title to
the office.   Lacking only the outward form and the name,
it was in substance all the law required, and it is the substance,
not the form or name of a thing, which should be regarded in
applying a remedial statute.