[Sac. No. 1179.  Department One.—July 24, 1903.]

GEORGE L. ADAMS, Respondent, v. JOHN B. DOYLE, Auditor of Tuolumne County, Appellant.

OFFICE—VACANCY—FAILURE OF SHERIFF TO QUALIFY—APPOINTMENT—
RIGHT TO SALARY.—A vacancy occurs, within the meaning of section 996 of the Political Code, in the office of sheriff when the person holding the certificate of election fails to qualify within the time required by law, and the board of supervisors has power to make an appointment to fill the vacancy, as against the former incumbent, who was elected for a fixed period and until his successor was elected and qualified. *Mandamus* will lie to compel the auditor to draw his warrant for such salary in favor of the apppointee.

ID.—PENDENCY OF CONTEST PROCEEDINGS—APPOINTMENT OF CONTESTEE.
—The pendency of contest proceedings in behalf of the candidate who did not receive the certificate of election against the holder of the certificate cannot affect the title of the appointee of the board to the salary during his lawful incumbency of the office,

notwithstanding he was the party against whom the contest was made, and who had failed to qualify, except under the appointment.

APPEAL from a judgment of the Superior Court of Tuolumne County.  G. W. Nipol, Judge.

The facts are stated in the opinion of the court.

J. B. Curtin, for Appellant.

F. W. Street, for Respondent.

SHAW, J.—This is a proceeding in *mandamus* to compel the defendant, as auditor, to draw his warrant on the county treasurer for $202.05, claimed to be due the petitioner for his salary as sheriff of said county for the month of January, 1903. The court gave judgment in favor of petitioner, and the defendant appeals from the judgment.

The facts are as follows: At the general election in 1902 the petitioner and William Sweeney were each candidates for the office of sheriff of said county for the term commencing upon the first Monday after the first day of January, 1903. One Price was the incumbent of the office. Upon the official canvass, the supervisors declared that the petitioner received the highest number of votes, and caused to be issued to him a certificate of election. He failed to take the oath of office or file the bond as required by law, and neither qualified nor attempted to qualify under such election. Within the time prescribed by law, Sweeney began proceedings to contest the election of petitioner, claiming that he (Sweeney) was duly elected as such sheriff. On January 7, 1903, after the time when the term for which the petitioner was elected had begun, Price, the incumbent, not having resigned, and being still in charge of the office, the board of supervisors of the county made an order appointing the petitioner sheriff, ostensibly to fill the vacancy caused by the petitioner's failure to qualify, in pursuance of his election, and by the expiration of the regular term of the incumbent, Price. Under this appointment the petitioner duly qualified, and on January 8th entered into the office of sheriff, claiming under such appointment, and thereafter, during the month of January, being the

time for which he claims the salary in question, he acted as and performed the duties of sheriff of said county. After he took possession of the office, the superior court on January 12, 1903, decided the contest in favor of Sweeney and against the petitioner, and rendered judgment declaring Sweeney duly elected. From this judgment the petitioner appealed to this court, and the appeal is still pending.

We do not perceive that the institution and pendency of the contest proceedings are material to the consideration of the case. The right of the petitioner is not at all affected by the fact that he was the party declared elected and the party against whom the contest was made. His right is precisely the same as it would have been had some other person been the candidate at the previous election and had failed to qualify and the petitioner had been appointed to fill the vacancy thus caused. The right of the petitioner depends upon his title to the office, by virtue of the appointment. He cannot claim the salary unless he was lawfully entitled to hold the office. (*Dorsey* v. *Smith,* 28 Cal. 21; *Ward* v. *Marshall,* 96 Cal. 155;[1] *People* v. *Shaver,* 127 Cal. 347.)

His title to the office depends upon the validity of the order appointing him. It is claimed that at the time of his appointment there was no vacancy in the office, and hence that the supervisors had no power to make the appointment. The theory upon which this claim is made is, that Price was elected, in a certain sense, for two terms,—one a definite term of four years, ending January 5, 1903, and the other an uncertain and contingent term, extending from January 5, 1903, until his successor should be elected and qualified, and that so long as he held office for this contingent term there was no vacancy. This precise question was decided by this court in *People* v. *Taylor,* 57 Cal. 620. In that case the relator, Showers, was duly elected to the office of sheriff, but failed to qualify. Thereupon, after the time when his elective term would have begun if he had qualified, the supervisors, deeming the office vacant, appointed him to fill the vacancy, and within the time required by law after the appointment he duly qualified for the office, and demanded possession of the incumbent, which was refused, and thereupon the suit was

---

[1] 31 Am. St. Rep. 198.

begun to have the relator, Showers, admitted to the office. The court decided that the provision of the Political Code (sec. 996), to the effect that an office becomes vacant upon the refusal or neglect of the incumbent to file his official oath or bond within the time prescribed, must be construed as creating a vacancy so far as may be necessary to authorize an appointment, whenever the person declared elected and holding the certificate fails to qualify, although, in one sense, he never was the incumbent of the office. The court says: "This provision of the code regards the person duly elected to an office as the incumbent of that office from the time of the commencement of the term for which he was elected, until the expiration thereof, whether he qualifies or not," and further that, "without doing violence to the language of the statute, we may construe it to mean that the refusal or neglect of the person duly elected to an office to file his official oath or bond within the time prescribed by law creates a vacancy as soon as the term for which he was elected commences, which may be filled by the proper appointing power."

The law divides the right to the office into certain terms, each of four years' duration. When a person who has been elected to hold the office for one of these terms fails to qualify, he, of course, cannot hold the term. He has forfeited his title. There is no other person legally entitled to it, and hence there is a vacancy in that term as soon as it begins. It is that sort of a vacancy to which the statute refers, and not to the actual absence of any person in the office to discharge the duties thereof. The incumbent, in the sense of the statute, is the person declared elected to hold the term, who holds title to it, subject to forfeiture by failing to qualify, although it is not yet begun. The fact that the prior incumbent, in order that the public business may be done, is allowed and directed to continue to discharge the duties in the mean time and until some person is lawfully invested with the title to the term, does not affect the question of there being a vacancy, in the sense intended. The vacancy is in the term of four years, just beginning. The prior incumbent does not claim title to this term, and he has none, but is a mere *locum tenens,* holding for public convenience, until the vacancy in the term is filled.

It follows from these principles that there was a vacancy in the office at the time the petitioner was appointed; that his appointment was valid; and consequently that he holds the legal title to the office, and is entitled to receive the salary for the time in question in this case.

The judgment is affirmed.

Van Dyke, J., and Beatty, C. J., concurred.