[S. F. No. 4396. In Bank.—September 29, 1905.]

## S. B. WILSON, Petitioner, v. JOHN P. FISHER, Auditor of El Dorado County, Respondent.

ELECTION CONTEST—ANNULMENT OF ELECTION—APPEAL—CONSTRUCTION OF CODE—"COMMISSION"—VOID "CERTIFICATE" OF COUNTY OFFICER.—Under section 1127 of the Code of Civil Procedure, relative to the contest of elections, providing that "Whenever an election is annulled or set aside by the judgment of the superior court, and no appeal has been taken within ten days thereafter, the commission, if any has issued, is void and the office vacant," the word "commission" includes a "certificate of election" issued by the clerk of a county under seal of the superior court, as evidence of title to office, upon the declaration of election of a county officer made by the board of supervisors sitting as a canvassing board; and upon failure of the county officer holding such certificate to

appeal within ten days after annulment of his election his certi-
ficate of election is finally invalidated and annulled as evidence
of title to the office.

ID.—TITLE TO SALARY—MANDAMUS TO AUDITOR—SUBSEQUENT APPEAL.—
After such failure, notwithstanding a subsequent appeal by the
incumbent of the county office, no warrant can be drawn for any
part of his salary until the contest has been finally determined; and
*mandamus* will not lie to compel the auditor to draw a warrant
therefor pending such appeal. Under section 936 of the Political
Code an incumbent must hold a valid and subsisting certificate of
election to be entitled to salary within the exception stated therein.

ID.—EFFECT OF APPEAL—EXISTING STATUS.—An appeal only operates at
most, in the absence of express provision to the contrary, to preserve
the *status* existing at the time of the appeal.

PETITION in the Supreme Court for Writ of Mandate to
the Auditor of El Dorado County.

The facts are stated in the opinion of the court.

W. F. Bray, for Petitioner.

C. A. Swisler, for Respondent.

ANGELLOTTI, J.—This is a proceeding instituted in this
court to obtain the issuance of a writ of mandate requiring
the defendant, as auditor of El Dorado County, to draw his
warrant for the salary of plaintiff, Wilson, as superintendent
of schools of said county, for the month of July, 1905.
Plaintiff has been holding said office ever since January, 1903,
and discharging the duties thereof, under a certificate of elec-
tion issued in pursuance of a declaration that he had been
duly elected to said office, made by the board of supervisors
of said county on their canvass of the returns of the general
election of November 4, 1902. A contest of his right to said
office was regularly instituted. under the provisions of title 2
of part 3 of the Code of Civil Procedure, relating to the
contesting of certain elections (sections 1111-1127), by one
T. E. McCarthy, who had been a candidate for the same
office at said election. Upon the first trial of said contest
judgment was entered confirming the election of plaintiff;
but upon appeal to this court such judgment was reversed
and the cause remanded for further proceedings. (*McCarthy*
v. *Wilson* (Cal.), 80 Pac. 78.) A new trial of the contest

was thereupon had in the superior court, resulting in a judgment, entered June 12, 1905, annulling and setting aside the election of plaintiff herein, and declaring the contestant, McCarthy, to have been duly elected at said election. On June 17, 1905, notice of the entry of said judgment was served on the plaintiff herein. No appeal was taken by plaintiff herein from said judgment within ten days after the entry of said judgment, or within ten days after the service on him of the notice of entry thereof; but on June 29, 1905, he served and filed his notice of appeal from said judgment, and on July 1, 1905, he filed his undertaking on appeal.

The claim of defendant is, that by reason of the failure of plaintiff to take an appeal from the judgment annulling and setting aside his election within ten days from the service of notice of the entry of said judgment upon him, the certificate of election theretofore issued to him became void and the office vacant, and that consequently he is not now entitled to any salary for the month of July, 1905. This claim is based upon section 1127 of the Code of Civil Procedure, which is as follows, viz.: "Whenever an election is annulled or set aside by the judgment of the superior court, and no appeal has been taken within ten days thereafter, the commission, if any has issued, is void, and the office vacant." We think that there can be no doubt that, under the plain terms of this statute, its effect is to render a judgment of the superior court annulling and setting aside an election, in a proceeding brought under the provisions of title 2 of part 3 of the Code of Civil Procedure, final upon the question as to the validity of any commission or certificate of election that may have been issued to the incumbent whose election has thereby been set aside, unless an appeal be taken from such judgment within ten days from the entry thereof; in other words, that such judgment, after the lapse of ten days without appeal taken therefrom, finally renders such certificate ineffectual as evidence of title to the office. There can be no question that the word "commission," as used in this section, includes a "certificate of election" issued by the clerk of a county upon the declaration of election made by the board of supervisors thereof, sitting as a canvassing board. There is no material difference, in effect, between a "commission" and a "certificate of election." They both simply constitute official

notice of election or appointment to the person named therein. (*People* v. *Perkins,* 85 Cal. 509, 512 [26 Pac. 245] ; *People* v. *Shaver,* 127 Cal. 347, 350 [59 Pac. 784], and evidence of title to the office (*Bledsoe* v. *Colgan,* 138 Cal. 34, 36, 39 [70 Pac. 924].) As to all officers elected by the people, ''whose commissions are not otherwise provided for,'' the governor of the state must issue a ''commission'' (Pol. Code, sec. 891, subd. 1), and this commission constitutes the only tangible evidence of title to the office. In the case of persons elected by the people to an office to be exercised in a single county or subdivision thereof, the only commission provided for by law, except in the single case of a person elected to the office of judge of the superior court, is what is called a ''certificate of election,'' to be issued by the county clerk under the seal of the superior court. (Pol. Code, secs. 1283, 1284.) It has never been doubted that this certificate constitutes a commission, within the meaning of subdivision 1 of section 891 of the Political Code, so as to obviate the necessity of the issuance of a commission by the governor, and is the legal evidence of the person's title to the office. Section 1127 of the Code of Civil Procedure is of course applicable only to the contests specified in the title of which it is a part, and that title has reference only to contests in regard to offices ''to be exercised'' in ''a county, city and county, city, or any political subdivision of either'' (Code Civ. Proc., sec. 1111), in every which case, except in that of the office of judge of the superior court, the only commission is the ''certificate of election.'' The language of the section clearly shows that the word ''commission,'' therein used, was intended to cover any such official evidence of title to the office as had been issued by the proper authority, whether the same be technically known as a ''commission'' or a ''certificate of election.'' Under the express terms of this statute, if no appeal be taken within ten days, this official evidence of title to the office is finally invalidated and annulled, rendered of no further legal force or effect, and a subsequent appeal could not operate to restore it to its original *status.* An appeal only operates at most, in the absence of express provision to the contrary, to preserve the *status* existing at the time of the appeal:

The only question involved in this proceeding being the

question as to whether plaintiff is now entitled to the salary claimed, it is unnecessary, in view of other provisions of the law, to determine further as to the effect of this section. It being determined that his certificate of election to such office has been finally annulled and is void, it follows, under section 936 of the Political Code, that if his subsequent appeal, taken after the expiration of the ten days, is effectual for any purpose, and the contest may therefore be held to be still pending, no warrant can be drawn for any part of his salary until the contest has been finally determined. That section in effect provides that when the title of the incumbent of any office in the state is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for any part of his salary until such proceedings have been finally determined, except in the single case of one "who holds the certificate of election or commission of office, and discharges the duties of the office," who shall receive the salary of the office "the same as if no such contest or proceeding was pending." To entitle him to salary during the pendency of a contest involving his title to the office, the incumbent must bring himself within this exception to the general rule declared by the section; in other words, he must not only be the incumbent discharging the duties of the office, but he must also hold the certificate of election or commission of office. *(Bledsoe* v. *Colgan,* 138 Cal. 34 [70 Pac. 924].) This means, of course, a certificate of election or commission of office that is in force, and not one that has been irrevocably nullified. One cannot be said to hold the certificate of election or commission of office, where the effect of a judgment of the superior court has been to finally render what was originally such a certificate or commission of no further legal force or effect. The plain intent of section 936 of the Political Code was to allow the payment of salary pending contest only to the incumbent who possesses such legal evidence of title to the office as is furnished by a certificate of election or commission of office, and when the certificate once held by him has been finally rendered void it no longer constitutes such evidence.

It has been suggested that the effect of section 1127 of the Code of Civil Procedure is to make a judgment of a superior court annulling and setting aside an election in a

proceeding of this character final for all purposes unless an appeal be taken within ten days. As to this, however, as already stated, it is unnecessary to express an opinion here. Of the effect of the judgment in this case upon the certificate of election or commission of office, and consequently upon the right of the incumbent to salary, we have no doubt, and that is sufficient for all the purposes of this proceeding. The case of *Wilson* v. *Fisher*, 140 Cal. 188 [73 Pac. 850], is of course not applicable here. The incumbent there was held entitled to his salary pending an appeal from a judgment in his favor. His election had there been confirmed, and his certificate of election was in full force. In *Anderson* v. *Browning*, 140 Cal. 222 [73 Pac. 986], a case more nearly in point, as there was an appeal by the incumbent from a judgment annulling and setting aside his election, the appeal was taken within ten days from the date of the judgment, and the effect of the appeal taken within the prescribed time was to stay the operation of the judgment, and continue the certificate in force unimpaired during the pendency of the appeal.

The alternative writ heretofore issued must be discharged and the proceeding dismissed, and it is so ordered.

Beatty, C. J., McFarland, J., Shaw, J., Henshaw, J., Lorigan, J., and Van Dyke, J., concurred.