[Civ. No. 147.    Third Appellate District.—December 30, 1905.]

## S. B. WILSON, Petitioner, v. N. D. ARNOT, Superior Judge of El Dorado County, Respondent.

ELECTION CONTEST—VACANCY IN OFFICE—CONDITIONAL ORDER EXTEND-
ING TIME FOR BILL OF EXCEPTIONS—JURISDICTION—NEGLECT OF CON-
TESTEE—MANDAMUS.—Where, through neglect of the contestee to
appeal within ten days after notice of judgment of the contestant of
his election, his certificate became void, and thereafter the judge
made a conditional order extending time to the contestee to present
his bill of exceptions, the conditions of which he neglected to comply
with, and took an unsuccessful appeal from the order, if the order
was ineffectual in an election contest, as being without jurisdiction,
or if it be considered valid, where, after affirmance of the order, the
offer of the contestee to comply with the conditions was not suffi-
ciently inclusive on his part, or where, as the result of his appeal,
the conditions had become so changed that he could not comply
therewith, he being still responsible for such conditions, no legal
obligation rests upon the judge to settle the bill, and *mandamus*
will not lie to compel him to settle and allow it.

PETITION for *mandamus* to compel the settlement of a
bill of exceptions by the judge of the Superior Court of El
Dorado County.   N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

W. F. Bray, and W. C. Burgess, for Petitioner.

Charles A. Swissler, and Abe Darlington, for Respondent.

BUCKLES, J.—The petitioner is contestee in a contested
election case for the office of superintendent of schools in El
Dorado county.   The case was tried in the superior court
of said county and on June 12, 1905, judgment was entered
in favor of the contestant, T. E. McCarty, and against the
petitioner here.   Notice of the judgment was duly given
petitioner on June 17, 1905, and on June 29, 1905, the county
clerk issued to the said McCarty a certificate of election as
superintendent of schools, and McCarty duly qualified on the
last-mentioned date and demanded possession of the office.
Thereafter, and on the same day (June 29th), petitioner filed
his notice of appeal from said judgment and on July 1, 1905,

filed an undertaking on appeal. Petitioner did not prepare
and serve his bill of exceptions on said appeal within ten
days after notice to him of the rendition and entry of said
judgment. Neither did he apply for an extension of time,
nor was any granted during the ten days. After the expira-
tion of ten days, as aforesaid, the petitioner applied to said
respondent, the Honorable N. D. Arnot, for further time in
which to prepare, serve, and present his bill of exceptions
in said appeal, and thereafter, and on July 7, 1905, the re-
spondent made the following order: ''The motion of the
respondent Wilson for an order of the court extending his
time to file and serve a bill of exceptions in said cause is
granted upon the following terms, to wit: The respondent
shall within eight days let the contestant into the possession
of the office in controversy and permit the contestant to fully
enjoy the emoluments thereof pending an appeal of this case
to the district court of appeal and to the supreme court of
the United States should said last-named appeal be taken.
Before surrendering said office, as here required, the contes-
tant McCarty shall give security to the respondent Wilson
that if said appeals, or either of them, are successful, that the
contestant will pay to the respondent within ten days after
the coming down of the *remittitur* therein the same emolu-
ments of the said office that the respondent would have been
entitled to had he remained in said office during the time
contestant shall have been in possession thereof, together
with respondent's costs on appeal. If said appeals, or either
of them, are unsuccessful, respondent shall pay to the con-
testant, contestant's costs on appeal. The respondent to give
security to contestant for the payment of these costs. If
respondent shall fail within eight days to do this, his motion
for time to file and serve a bill of exceptions herein will be
denied. Doing this, he will be granted ten days, and such
additional time as may be necessary, within which to file and
serve his bill of exceptions.''

On July 8, 1905, being dissatisfied with the terms imposed
in said order, the petitioner appealed therefrom to this court
on the ground of abuse of discretion on the part of the judge
in imposing the terms he did. Pending that appeal and on
July 15, 1905, petitioner presented his proposed bill of ex-
ceptions to the respondent for settlement, and the respondent

refused to allow the same and indorsed thereon his refusal in the following words and figures: "I hereby certify that the foregoing bill of exceptions is correct; but I refuse to allow the same on the ground that the same was not filed and served within the statutory time, and that the conditions fixed by the court as terms upon which an extension of time to file and serve said bill of exceptions might be had have been declined and refused by contestee." On November 9, 1905, this court affirmed said order appealed from. (*McCarty* v. *Wilson, ante,* p. 154, 84 Pac. 295.) Whereupon the petitioner served the said McCarty with a written notice, offering to comply with the terms imposed in said order, to wit: to surrender the said office of superintendent of schools upon McCarty executing a bond, as in said order set forth. The contestant, McCarty, refused to give the bond referred to, whereupon the petitioner gave notice that he would apply to the court and move to have his said bill of exceptions allowed. It will be observed that petitioner's offer is not an offer to comply with all the terms of said order. The order required Wilson to not only let McCarty have the possession of the office, but permit McCarty to enjoy the emoluments thereof and also to give him security for his costs on appeal. All that petitioner offered to do was to let McCarty have possession of the office. The application to have the said bill settled and allowed came on to be heard on December 2, 1905, when the court denied the application in the following words: "We cannot see that any useful purpose would be subserved by settling the bill of exceptions in this proceeding as now asked for. The terms heretofore imposed by us were not agreed to, and though counsel for the contestee are now willing to accept the terms imposed, the conditions now existing have so changed that the contestee is now unable to comply with the terms imposed in July last either in the letter or the spirit thereof. The application to settle the bill of exceptions is denied."

Prior to the determination of the appeal from said order of July 7, 1905, by this court, and on September 29, 1905, petitioner, who was holding the said office of superintendent of schools, applied to the supreme court for a writ of mandate to compel the county auditor to draw his warrant for the salary of himself as superintendent of schools for the month of July, 1905. The writ was denied. (*Wilson* v.

*Fisher,. Auditor,* 148 Cal. 13, [82 Pac. 421].) If the condi-
tions had changed in December, 1905, so that the terms im-
posed in the order of July 7th could not be carried out, the
changed conditions were brought about through petitioner's
own acts. He was in default in not presenting his bill of
exceptions within ten days after judgment, and in the
light of section 1127 of the Code of Civil Procedure was not
entitled to have it settled and allowed at all. He applied for
an order extending his time and was granted such time
upon terms that did not please him. He appealed from the
order; meantime, as has been seen, he went to the supreme
court asking a writ of mandate against the county auditor
commanding that officer to issue a warrant for his July salary.
The supreme court denied the writ, on the ground that be-
cause no appeal was taken by petitioner within ten days after·
the judgment of June 12, 1905, annulling and setting aside
his certificate of election, the said judgment became final and
he had no title to the office, and that under the provisions of
section 936 of the Political Code, he was not entitled to salary
for July. In *McCarty* v. *Wilson, ante,* p. 154, 83 Pac. 170,
decided by this court November 9, 1905, the only question
decided, and the only one submitted, was that relative to the
terms the respondent exacted for granting further time, in
the order of July 7th, and we held the terms imposed were
not unreasonable and that there was no abuse of discretion
on the part of the judge in imposing such terms. It is diffi-
cult now to understand what could be accomplished by set-
tling and allowing petitioner's bill of exceptions, because
under section 1127 of the Code of Civil Procedure, the judg-
ment annulling petitioner's certificate of election became final
when he failed to take his appeal within ten days. The sec-
tion is as follows: "Whenever an election is annulled or set
aside by the judgment of the superior court, and no appeal
has been taken within ten days thereafter, the commission, if
any has issued, is void and the office vacant." This is a
special rule applying only to contest of election cases, and
in my opinion the respondent had no power to grant further
time when no appeal had been taken within the ten days, so
that the order of July 7th, if attacked upon that ground,
would be held void as having been made without jurisdiction.
If, however, it could be considered a valid order, then it was

clearly petitioner's fault that he had not complied with the terms therein, and if conditions had so changed on December 2d that he could not comply, he is still responsible for such conditions.

There is no legal obligation resting upon the respondent to settle and allow said bill of exceptions, therefore the writ is denied.

Chipman, P. J., and McLaughlin, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 28, 1906.