[Civ. No. 447. First Appellate District.—December 19, 1907.]

JAMES H. CAMPBELL, Respondent, v. BOARD OF SUPERVISORS OF SANTA CLARA COUNTY et al., Appellants.

OFFICE—VACANCY—ELECTION OF INELIGIBLE PERSON—ANNULMENT—POWER OF SUPERVISORS TO APPOINT.—Where an ineligible person has been elected to the office of district attorney, and the election has been annulled upon a contest, such annulment creates a vacancy in the office, which the board of supervisors of the county have power to fill by appointment.

ID.—CONSTRUCTION OF POLITICAL CODE—VACANCIES—"INCUMBENT"—FAILURE TO POSSESS OFFICE.—Within the meaning of section 996 of the Political Code, providing for vacancies in office, by the happening of certain conditions relating to the "incumbent," including "(10) The decision by a competent tribunal declaring void his election or appointment," the ineligible person must be deemed an "incumbent" within the meaning of that section, though he did not qualify nor possess the office.

ID.—RIGHTS OF INCUMBENT—LOCUM TENENS—IMPROPER INJUNCTION.—The previous incumbent of the office who holds over after the expiration of his term until the election of the ineligible candidate is annulled holds as a mere *locum tenens* until that time; and a judgment, at his suit, enjoining the board of supervisors from filling the vacancy and the county clerk from issuing a certificate to their appointee was improperly granted, and must be reversed.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Rogers, Bloomingdale & Free, for Appellants.

James H. Campbell, and John E. Richards, for Respondent.

COOPER, P. J.—This action was brought to enjoin the board of supervisors of Santa Clara county and the several members thereof from declaring a vacancy in the office of district attorney of said county, and then filling such office by appointment, and also to enjoin the county clerk of said county from issuing a certificate of appointment to any person who might be appointed district attorney of said county by said board of supervisors.

Judgment was entered for plaintiff as prayed for, and this appeal is from the judgment.

At the general election held in November, 1902, plaintiff was duly elected district attorney of said county for the term of four years, his term to commence on the first Monday of January, 1903. He duly qualified, entered upon the discharge of the duties of his office, and ever since has continued in possession of said office and in the discharge of the duties thereof. At the general election held in November, 1906, the plaintiff and one Arthur M. Free were each candidates for the said office of district attorney. Free received a plurality of the votes cast at such election, and was declared by the board of supervisors duly elected to such office. He declined and refused to file his official bond and take the oath of office. After the declaration by the board of supervisors to the effect that Free had been duly elected, the plaintiff instituted proceedings in the superior court of said county to contest the election of said Free, which resulted in a judgment declaring that at the time of the election Free was ineligible to the office by reason of the fact that he held a lucrative office under the United States government, the compensation of which exceeded $500 per year, and annulling his election for this reason. The judgment, besides declaring that at the time of his election Free was ineligible to the said office, in effect adjudged that plaintiff was not elected to said office. This judgment has this day been affirmed here. (*Campbell* v. *Free* (No. 400), *ante,* p. 151, [93 Pac. 1060].) The question therefore resolves itself into whether or not there is a vacancy in

the office of district attorney of said county, which the board of supervisors are authorized to fill by appointment.

It is provided in the Code of Civil Procedure (section 1111) that the right of any person declared elected may be contested when the person was not at the time of the election eligible to the office. The code evidently contemplates that cases may arise in which the person declared elected, and who receives the highest number of legal votes, was at the time of his election ineligible to the office. In many cases the evidence as to the ineligibility of a candidate is conflicting, and it requires a careful weighing and analysis of the evidence by the trial court to determine the ultimate fact. The code in such case provides for a contest as to the right of a person declared elected to an office, although he be at the time of the election ineligible. It provides (section 1122) that after hearing the "proofs and allegations of the parties the court must pronounce judgment in the premises, either confirming or annulling and setting aside such election. We must then look to the Political Code as to when an office becomes vacant. It is there provided (section 996) : "An office becomes vacant on the happening of either of the following events before the expiration of the term: (1) The death of the incumbent. . . . (10) The decision by a competent tribunal declaring void his election or appointment."

The court declared void the election of Free before the expiration of his term, and the question therefore narrows itself to the one as to whether or not he was the *incumbent.*

It has been held, and is the rule in this state, that one who has been elected to an office, but who fails to qualify by filing the bond, is in the sense of the statute the *incumbent;* although he never was in possession of nor performed any duty in connection with the office. The office in such case has been held to become vacant by his refusal to file his official oath or bond within the time prescribed. (*People* v. *Taylor,* 57 Cal. 620.)

The court in that case, after a careful consideration of section 996 of the Political Code, said: "This provision of the code regards the person duly elected to an office as the incumbent of that office from the time of the commencement of the term for which he was elected until the expiration thereof, whether he qualifies or not." The difference between that case and the one at bar is that there the person elected

neglected and failed to qualify after his election, and here he neglected to qualify by making himself ineligible before election. There the person elected was ineligible at the time his term began because he did not comply with the statutory mandate as to qualifying; here he was ineligible because at the time he was elected he had neglected to resign his office of postmaster. In the one case the person elected did not do that which the law declared that he must do after his election in order to be qualified to get title to the office; in the other he neglected to do that which the law required that he should do in order to be a person qualified to be elected to the office. In both cases the officer was elected. In neither was he entitled to the office when the term commenced. In the case cited the court held that the person elected was not eligible to take the office at the time the term began; in the case at bar the court held that the person elected was not eligible to take the office at the time of the election. We think that it would be a distinction without a substantial difference to hold that in the case cited the party elected was the incumbent, and that in this case he was not. We therefore conclude that the office became vacant upon the decision of the court declaring void the election of Free.

The decision in *People* v. *Rodgers,* 118 Cal. 393, [46 Pac. 740, 50 Pac. 668], supports the conclusion we have reached in this. In that case Rodgers was elected chief of police of the city of Sacramento, and received his certificate of election. He was ineligible at the time of his election, but at the commencement of his term he, without the consent of Drew, his predecessor in office, intruded into and obtained possession of the office. After Rodgers had so taken possession of the office a proceeding was instituted by an elector of the city, contesting his right to hold the office, which resulted in a judgment duly made, setting aside his election by reason of his ineligibility at the time of such election. After the judgment so made the board of supervisors appointed Rodgers to the office. It will thus be seen that the only difference between the two cases is that in that case the party declared elected, but who was ineligible, had taken possession of the office, and in this case the predecessor is still holding. The court, after a statement of the facts, and a reference to subdivision 10, section 996 of the Political Code,

said: "There was thus presented the precise circumstances contemplated by the above provision of the Political Code. The election of the defendant had been contested on the ground that he was ineligible to the office, and a competent tribunal had decided that the election was void. . . . An election to fill the office, regular in all respects, had been held, and the electors of the city had at that election chosen the defendant by a majority of their votes to be the successor of the relator, and he had qualified for the office and entered upon its duties. By reason of certain extrinsic facts he was held not to be entitled to retain the office, but he had nevertheless been elected as the successor of the relator, and had qualified for the office and entered upon its duties."

In the case at bar Free did not qualify nor enter upon the duties of the office; but we cannot see any reason for holding that an office becomes vacant in a case where an ineligible officer, who has been elected, enters into possession of it, and a judgment is afterward entered declaring his election void, that would not apply with equal force to a case where, under like circumstances, the ineligible officer has not taken possession of the office. The question as to who is in the actual possession of the office is not made a factor by the provisions of the code. Nor would the fact that Free failed to qualify and take the oath of office make any difference. In *Adams* v. *Doyle,* 139 Cal. 678, [73 Pac. 582], the question was as to whether or not there was a vacancy in the office of sheriff of Tuolumne county at the time the board of supervisors appointed Adams to that office. Adams had been a candidate for the office at the preceding election, had received the highest number of votes, and had received his certificate of election. He did not file his bond and take the oath as prescribed by law. His predecessor in office continued to be the incumbent after the term of Adams had begun and before the board of supervisors appointed him to the office. Adams had not only failed to qualify after his election, but had not taken possession of the office. The board of supervisors declared the office vacant, and appointed Adams to the very office to which he had been elected, and for which he had failed to qualify. He qualified under the appointment so made, and the court held that there was a vacancy, and that his title under the appointment was valid. The court there

said: "The incumbent, in the sense of the statute, is the person declared elected to hold the term, who holds title to it, subject to forfeiture by failing to qualify, although it is not yet begun. The fact that the prior incumbent, in order that the public business may be done, is allowed and directed to continue to discharge the duties in the meantime, and until some person is lawfully invested with title to the term, does not affect the question of there being a vacancy in the sense intended. The vacancy is in the term of four years just beginning. The prior incumbent does not claim title to this term, and he has none, but is a mere *locum tenens,* holding for public convenience until the vacancy in the term is filled."

The conclusion we have reached does not injure the plaintiff. He has enjoyed the full benefit of the term for which he was elected. He was not elected for the term he is seeking to hold. The question involved is one of public concern. The office having become vacant, the ordinary machinery of the law cannot be enjoined from filling such vacancy by appointment.

The judgment is reversed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1908.